373 P.2d 573

**Audrey K. MASTERS, Plaintiff and Respondent,**

v.

**Maxine LeSEUER, Defendant and Appellant.**

No. 9574.

Supreme Court of Utah.

July 25, 1962.

Norman Wade, Salt Lake City, for appellant.

Ronald N. Boyce, Salt Lake City, for respondent.

WAHLQUIST, District Judge.

In this case an answer to a complaint was not filed within the time provided for under the rules. Relief was requested under Rule 60(b), Utah Rules of Civil Procedure on the grounds of inadvertence and excusable neglect.

The affidavit in support of the motion simply states the attorney thought he had filed an answer but now concedes he had mistakenly not done so. The error occurred in an ordinary memory lapse accompanied and facilitated by a clerical error in

the attorney's office in filing papers. But the evidence, accepted by the trial court as true, is that several days before the default judgment was requested, the attorney then representing the plaintiff called the defendant's attorney's attention to the fact that the matter was in default and that a default judgment would be taken unless something was done.

In opposition to the motion it was pointed out, in addition to considerations usually present in such situations: first, the plaintiff below, an elderly woman, had traveled from Seattle, Washington and presented an accounting at a default hearing; second, independent witnesses had been called; and third, the complaint asked for the return of real property in the then appellant's possession; the respondent and appellant had not been able to agree on an accounting and passage of time might increase the dispute.

The trial court denied the motion. From the record we cannot say the trial court acted capriciously. This is a discretionary matter with the trial court, and absent its clear abuse, which seems not to exist here, and in line with our previous commitments,[1] we affirm the trial court. Costs to respondent.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

WADE, C. J., having disqualified himself, does not participate herein.

1. Warren v. Dixon Ranch Co. et al., 123 Utah 416, 260 P.2d 741.