374 P.2d 713

Oliver EARL, Plaintiff-Appellant,

v.

Harold FORDICE, Calvin A. Lang, Oscar Carpenter and Oscar Carpenter Lumber Co., an Idaho corporation, Defendants-Respondents.

No. 9029.

Supreme Court of Idaho.

Sept. 20, 1962.

Cox, Ware, Stellmon & O'Connell, Lewiston, for appellant.

Blake & Givens, Lewiston, for respondents Harold Fordice and Calvin A. Lang.

Thomas Madden, Lewiston, for respondents Oscar Carpenter and Oscar Carpenter Lumber Co.

McFADDEN, Justice.

Plaintiff brought this action under the provisions of I. C. § 6–202 to recover treble damages for the cutting of timber on his property, claimed to have been done by defendants.

The applicable parts of I.C. § 6–202 reads:

"Any person who cuts down or carries off any wood * * * tree, or

timber, or girdles, or otherwise injures any tree or timber on the land of another person, * * * without lawful authority, is liable to the owner of such land, * * * for treble the amount of damages which may be assessed therefor in a civil action, in any court having jurisdiction."

Plaintiff owned all timber rights to an eighty acre tract immediately west of a larger tract on which defendants Fordice and Lang owned the timber rights. Defendant Oscar Carpenter was a sawmill operator, his business being incorporated under the name of Oscar Carpenter Lumber Co.

The trial court found that timber was cut and removed by defendants Fordice and Lang, from plaintiff's timber holdings of the value of $722.21, basing this figure on the reasonable stumpage value of pine at $18.00 per thousand board feet and mixed species at $5.00 per thousand. Judgment for $722.21 as the value of lumber cut was entered, without costs. The trial court further found that neither Oscar Carpenter, nor the company of the same name were responsible for the trespass committed, and dismissed the action as to these defendants. From this judgment the plaintiff appeals.

While there is no requirement in I.C. § 6–202 that the act of cutting or removing timber must be done wilfully or intentionally as a condition to the assessment of multiple damages thereof, this court in the case of Menasha Woodenware Company v. Spokane International Railway Company, 19 Idaho 586, 115 P. 22, adopted the rule that for a plaintiff to be entitled to recover statutory treble damages, instead of merely his actual damages, it is necessary to establish the trespass was wilful and intentionally committed. This rule was also recognized and applied in United States v. Chamberlain, (D.C.Idaho) 51 F.Supp. 54. This interpretation of the statute is in accord with the holdings of most courts. Annotation, 111 A.L.R. 79, at page 85 and cases therein cited.

As to whether this alleged trespass was done wilfully and intentionally, the record discloses that prior to the time there was any cutting of timber Mr. Fordice first established what he believed to be the true line between the tracts of the respective parties. Fordice had considerable experience in establishing lines in timber areas and cutting timber. He had, and used, a copy of the field notes of the governmental surveyor that surveyed the area. The points of a line established by him on his survey coincided very closely to the starting and finishing points of the lines as established by plaintiff's witness Mr. Grow, a licensed engineer. All the witnesses who

testified as to establishing the line referred to a local magnetic attraction that deflected compass readings while traversing this line between the tracts. The record clearly reflects the ruggedness of the terrain, and the local magnetic attraction. Even with these problems, the starting point to the north of the line, and the finishing point on the south of the dividing line were located by all witnesses within a very close area, although there is substantional disagreement as to the location of the line on the ground.

■ The timber was cut and removed from a "thumb", extending from the property line between the two tracts, westerly into the plaintiff's holdings. Mr. Fordice on direct examination testified that one of his sawyers misinterpreted his instructions and the sawyer cut a pocket of timber of Mr. Earl's property. The sawyer had been directed to go back to a landing on the defendant's holdings almost on the dividing line, and start cutting on standing timber left due to machinery being operated. Instead, the sawyer went onto the plaintiff's property and cut the timber situate in the "thumb". The record fails to indicate, nor did the trial court find that there was any wilfulness and intent on the part of the defendants sufficient to subject them to the provision of the statute for treble damages.

■■ There is sharp conflict in the record as to the amount of timber removed from plaintiff's ground, and its value. Nothing, however, appears in the record as to the total acreage or size of the area claimed to be involved from which the timber was removed. Plaintiff's witness Harlan, an experienced timber cruiser testified, that after establishing the dividing line, he estimated 86,420 board feet of pine and 42,300 board feet of mixed timber had been cut. This estimate was based on the witness's measurement of the butt stumpage, and then estimating the height of the trees cut by comparison with growing trees still standing in the area. Defendant Fordice, however, testified that as soon as he became aware of the sawyer having cut on the plaintiff's holdings, he had the logs cut from the trespassed area kept separate and so hauled out and that he received slips regularly from each load. He testified that there were 20,820 board feet of pine and 21,450 feet of mixed timber cut from the area. Such conflict in the record on the issue of fact is for resolution by the trial court. Here the trial court did not definitely establish the footage of timber removed, but did fix its value on a board foot basis, and also its total value. There being competent and substantial evidence to sustain the court's findings, they will not be disturbed. Melton v. Amar, 83 Idaho 99,

358 P.2d 855; Angleton v. Angleton, ante, p. 184, 370 P.2d 788.

■■ By plaintiff's complaint all the defendants, including Oscar Carpenter and Oscar Carpenter Lumber Company, are charged with a wilful and intentional cutting of the timber on plaintiff's property. By their answer Carpenter and his lumber company, denied the allegations of such trespass on their part. The trial court in its pre-trial order, stated as a fact admitted by both parties "Oscar Carpenter Lumber Co., received logs from the defendants, Harold Fordice and Calvin A. Lang, some time after May 7, 1958, and that the defendant, Oscar Carpenter Lumber Co., does not know and has no way of determining whether said logs so received by it were cut". Further in this pre-trial order, the court listed as one of the plaintiff's contentions that Fordice and Lang "wilfully and intentionally entered upon said land without his (plaintiff's) knowledge and cut and carried away"—the timber. Nowhere does it appear in this pre-trial order that the plaintiff ever contended that Oscar Carpenter or the Lumber Company participated in any actual trespass. Nor does the record reflect any claim that the Lumber Company bore any relationship to Fordice and Lang, other than that of a purchaser of their timber. The finding of fact by the trial court that neither Carpenter nor the lumber company was "In any way connected with any trespass committed upon the timber belonging to plaintiff", is fully substantiated by the evidence. As pointed out, even plaintiff in his acceptance of the pre-trial order recognized the claim of trespass was only against the defendants Lang and Fordice, and not against Carpenter nor the Lumber Company. Now, however, plaintiff contends that Carpenter and the company, having purchased the lumber from these defendants must be held liable. That question, cannot now be considered here. The case was tried on the issue of who actually trespassed on the plaintiff's premises and not on the theory that Carpenter or the Lumber Co., should be held liable as a purchaser or timber acquired by trespass.

■■ I.R.C.P. § 16 authorizes the holding of a pre-trial conference, one of the purposes of which is simplification of the issues, and further provides:

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

In discussing Rule 16 of the Federal Civil Rules, 28 U.S.C.A. as applied in Fowler v. Crown-Zellerbach Corporation, 163 F.2d 773, (9th Cir.), it was stated:

"In the first place the pre-trial order does no violence to the issues as framed by the complaint. More importantly, the record discloses no objection to the order attached. (Citation of Rule 46 Fed.Rules and case.) So far as we can determine it was made with the cöoperation and assent of both parties. There was no reservation of the point now urged, nor does there appear to have been any request for the amendment or modification of the order in the course of the trial."

This statement is in conformity with the record here. A case having been submitted to the trial court on the issues presented by the parties as embodied in their pleadings and the pre-trial order, a theory presented for the first time on appeal will not be reviewed. Smith v. Shinn, 82 Idaho 141, 350 P.2d 348; Shipman v. Kloppenburg, 72 Idaho 321, 240 P.2d 1151. See also: Annotation 2 A.L.R.2d 599, § 6 at page 610.

The trial court as a conclusion of law held that each party shall pay his own costs. Error is assigned as to this conclusion. That portion of I.C. § 12–102 applicable herein provides:

"Costs are allowed of course to plaintiff upon a judgment in his favor in the following cases:

"1. * * *

"2. * * *

"3. In an action for the recovery of money or damages when the plaintiff recovers $100 or over.

"4. * * *."

I.R.C.P. 54(d) provides:

"Costs.—Except when express provision therefor is made either in a statute of the state of Idaho, or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

Plaintiff having recovered damages in excess of $100.00 is entitled to his costs.

Plaintiff's remaining assignments have been examined and are found to be without merit.

The judgment of the trial court is modified to the extent that appellant shall receive his costs incurred in the District Court, and as so modified, judgment is affirmed.

No costs allowed.

SMITH, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.