433 P.2d 3

**Rulon BRERETON, Plaintiff
and Respondent,**

**v.**

**Ralph DIXON, Defendant and Appellant.**

**No. 10637.**

Supreme Court of Utah.

Oct. 26, 1967.

Dallas H. Young, Jr., Provo, for appellant.

Jackson B. Howard, Provo, for respondent.

CROCKETT, Chief Justice:

Plaintiff, Rulon Brereton, sued the defendant, Ralph Dixon, alleging that the latter negligently permitted a fire in which he was burning rubbish in connection with a construction project to escape and destroy the usefulness of 111 peach and pear trees, being about one-third of plaintiff's three-acre orchard adjacent to his home in North Provo, Utah. A jury found the issues for the plaintiff and awarded damage of $5,700.

On appeal defendant concedes that the jury verdict on disputed evidence concludes the issue of defendant's negligence, but assails the damage as excessive and based on improper evidence and instructions to the jury.

■ The basic proposition urged by the defendant is that, inasmuch as the fruit trees are part of the realty, the only proper measure of damages is the difference in the value of the land before and after the destruction of the trees. We are aware that in appropriate circumstances this method of assessing damages has been approved in numerous cases.[1] But we do not agree that it should be the sole and exclusive method of assessing such damages in all circumstances. When property has been damaged or destroyed by a wrongful act, the desired objective is to ascertain as accurately as possible the amount of money that will fairly and adequately compensate the owner for his loss. Reflection will reveal that a rigid adherence in all cases to the rule of the value of the realty before and after the injury would not always serve that objective. In some situations destruction or removal of part of the property might actually enhance the value of the remaining property by conditioning it for some other use; for example, for residential or industrial purposes not desired by the owner. In such a case application of the rule of value of the realty before and after the injury would penalize the owner by giving him less than his true damage and confer an unjustified advantage on the wrongdoer by permitting him to pay less than the actual damage he caused. In addition to the foregoing, there are other, sometimes far greater, difficulties encountered in appraising the before and after values of extensive and varied tracts of land than in determining the

---

1. Cities Service Gas Co. v. Christen, Okl., 340 P.2d 929; Hill v. Morrison, 88 Cal. App. 405, 263 P. 573; Lawson v. Helmick, 30 Wash.2d 167, 146 P.2d 537, 151 A.L.R. 930; Restatement, Torts, Explanatory Notes Section 929, comment on clause (a)(ii); 69 A.L.R.2d 1335, 1336, § 15(a); 22 Am.Jur.2d, § 143.

value of a comparatively small damage which can be separately ascertained.

In order to obviate the inequity and the difficulties just discussed, and to get more simply and directly at the valuation of the specific damage caused, in proper cases the courts have applied another rule: if that which is destroyed, even though part of the realty, has a value which can be ascertained separate from the land, recovery is allowed for the value of the thing destroyed or damaged, rather than for the difference in the value of the land before and after the injury.[2] The significant point here is that this latter rule has heretofore been approved by this court.[3]

█ In comparing the relative merits of the two rules above set forth, we deem it appropriate to observe that in some instances the latter "separate value" rule may also result in inequity. There are some situations in which trees, for example, have some separate value, but because of landscaping, erosion control, or for other reasons, have a substantially greater value on the land than if separated from it. In these circumstances it would be unfair to compel the owner to take the value of the damaged property separated from the land, which would likewise give him less than his true damage and confer an unjustified advantage on the wrongdoer by permitting him to pay less than the actual damage he caused to the owner.

█ Because of the fact that any attempt at unvarying uniformity in applying either of the foregoing rules results in the inequities above discussed, a third rule; which we believe to be the better considered and more practical one, has been applied. It gives the injured party the benefit of whichever of the two rules will best serve the objective hereinabove stated of giving him reasonable and adequate compensation for his actual loss as related to his use of his property.[4] This more flexible approach avoids a rigid application of either rule where it would result in conferring a favor on the wrongdoer at the expense of the victim; and it allows the owner of property which has been damaged the privilege which should be his of having the decision as to how he desires to use his property, by giving him the amount of damage he suffers on the basis of that use. If he wants to maintain a fruit orchard, a wood lot, or even a primitive area, though his property may be more

2. Lucas v. Morrison, Tex.Civ.App., 286 S. W.2d 190; 69 A.L.R.2d 1335, 1371, § 16 (b); 22 Am.Jur.2d, § 143.
3. See Cleary v. Shand, 48 Utah 640, 161 P. 453.
4. Atchison T. & S. F. R. Co. v. Geiser, 68 Kan. 281, 75 P. 68; Stephensville, N. & S. T. Ry. Co. v. Baker, Tex.Civ.App., 203 S.W. 385; McCormick, Damages, at 491, states, "This last flexible formula seems most likely to avoid needless difficulties of proof and wasteful reversals on errors in instructions."

valuable if turned to an industrial or residential purpose, that should be his prerogative; and if it is wrongfully destroyed or damaged, the wrongdoer should pay for the actual damage he caused.

■ Upon our survey of the total situation disclosed by this record it appears to us that the trial court correctly analyzed the situation and allowed the presentation of the issue of damages to the jury in harmony with what we have said above. He instructed the jury in substance that they should consider the value of the trees and award plaintiff such amount of damages as would fairly and reasonably compensate him for being deprived of the growing trees for the purpose he intended to use them.

■ The defendant's contention in regard to the evidence is that "the trial court erroneously admitted evidence as to the value of trees independent of the land." It will be noted that this in essence presents the same issue as his claim of error in instructing the jury as to damages. Consequently, what we have said above applies to and is dispositive of that issue.

■ A further point raised by the defendant is that the testimony of plaintiff's experts as to value of the fruit trees was incompetent because it was based on their future income. This evidence was adduced through two witnesses: Vern A. Stratton and Clarence D. Ashton. Both had gradu- ate degrees in horticulture, had taught the subject at universities, had operated substantial fruit farms, and had inspected the plaintiff's orchard after the fire. After showing their qualifications as experts they were allowed, over the defendant's objection, to give their judgment as to the value of the trees. This was as to the value the trees had in and of themselves, separate from the land. It properly and necessarily entailed consideration of their ability to produce fruit over their productive life. We are entirely in accord with the idea that the value could not properly be arrived at simply by a calculation based upon anticipated profits from the production of fruit. The reason for this is that there are so many uncertain factors involved in the making of profits that this is not a sound foundation upon which to calculate value. But this does not mean that the facts concerning the capacity of the trees for production of fruit and making income is not one of the facts to be considered in the overall picture in appraising their value.

■ The testimony of these men, including the cross-examination, indicates that their appraisal was not based solely upon anticipated profits. They had taken into consideration numerous other factors, including the planting and maturation, the amount and duration of productivity, the contingencies of frost, blight, variations in market, availability of labor, and indeed appear to have covered the total picture about

as fully as any reasonable person could expect. The argument made leads one to suspect that the real difficulty with their testimony from the defendant's point of view is that their appraisals exceeded his idea of the value of the orchard. This is not a valid objection to competency of evidence. Whatever deficiencies or unsoundness may have existed in this testimony would go not to its competency, but to its weight and credibility which was for the jury to pass upon.

We are not impressed that the jury was either prejudiced or misled by the aspects of the testimony of which the defendant complains. They appear to have given consideration to all aspects of the evidence and to have performed their duty with competence and good judgment. Instead of returning a verdict of over $24,000, which the defendant expresses fears could have been done under the evidence, the $5,700 which they awarded is well within a common-sense view of the evidence. It must have so impressed the trial court, because he rejected a motion for a new trial on the ground of excessive damages, which adds some verity to the verdict in that regard.[5]

The parties having been afforded an opportunity to present their respective contentions to a court and jury, the resulting verdict and judgment is entitled to a presumption of validity and should not be overturned in the absence of substantial and prejudicial error, which we have concluded does not exist here.[6]

Affirmed. Costs to plaintiff (respondent).

ELLETT, J., concurs.

CALLISTER, J., concurs in the result.

TUCKETT, Justice (dissenting):

I dissent. It appears that the majority opinion adopts a special rule of damages in the case of fruit trees which is followed by a minority of the jurisdictions in this country. The majority of the cases hold that the proper measure of damages for the destruction of or injury to fruit and other productive trees is the difference in the value of the land with the trees before and after the act complained of. It appears to the writer that this rule is more easily understood and is more easily applied than the one we have adopted in this case.[1]

The plaintiff in this case established the value of the trees destroyed and his damages by the testimony of witnesses who based their estimates of the value of the

---

5. See Geary v. Cain, 69 Utah 340, 255 P. 416.

6. As to verity of judgment after jury trial, see statement in Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.

1. 69 A.L.R.2d 1365.

trees destroyed upon the factors of the longevity of the trees; the estimated productiveness of the trees; the price of the fruit on the market; less the costs of production. It is my opinion that damages based upon these factors are highly speculative and that a verdict based upon this type of speculation should not be approved.[2]

HENRIOD, J., concurs in the dissenting opinion of TUCKETT, J.

2. Missouri Pac. Ry. Co. v. Haynes, 1 Kan. App. 586, 42 P. 259, 261; Ozark Orchard Co. v. Kansas City Southern Ry. Co., 173 Mo.App. 450, 158 S.W. 884.