437 P.2d 214

**SECURITY ADJUSTMENT BUREAU, INC.,
a corporation, Plaintiff and Respondent,**

**v.**

**Henry E. WEST, Jr., d/b/a Skyline Air Taxi
Company, Defendant and Appellant.**

**No. 10928.**

Supreme Court of Utah.
Jan. 24, 1968.

Stephen M. Hadley, of Rigtrup, Hadley, Livingston & Newman, Salt Lake City, for defendant and appellant.

1. Renshaw v. Tracy Loan & Trust Co., 87 Utah 364, 49 P.2d 403, 100 A.L.R. 872; Lewis v. Schafer, 163 Okl. 94, 97, 20 P.2d 1048.

E. H. Fankhauser, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a refusal to set aside a default judgment. Reversed, with no costs.

Security, on May 2, 1965, filed two counts against West having to do with 1) furnishing gas and oil to West, as a family expense,[1] who ran an airplane taxi service, and 2) for an amount paid by a check that bounced.

In October 1965, for some disclosed reason, *plaintiff's* counsel withdrew. In February 1966 West's counsel filed an answer in the nature of a general denial. In October 1966 plaintiff served and filed interrogatories under the rules, which were never answered. A few days thereafter, *defendant's* counsel withdrew. In October 1966 plaintiff's counsel moved for a default judgment, and mailed a copy thereof to West's attorney and to West's last known address. In November 1966 judgment by default was taken, including punitive damages on the count having to do with the bum check. Six weeks later, West's new counsel filed a motion to vacate the default, presumably on the basis of excusable neglect, attaching thereto West's affidavit to the effect that the latter had not known of the default judgment, that he had not received notice of motion for default, since he had terminated his association with an outfit called Magnum Trusts whose address was that to which the notice was sent, and that he had a valid defense to the complaint.

West urges that the court erred in not setting aside the default judgment because Security did not demand that West get new counsel when his attorney withdrew. This, under Sec. 78–51–36, Utah Code Annotated 1953.[2] This urgence is not well taken since there is nothing in the record to indicate that West's withdrawing counsel died, was removed or suspended from the practice of law. The case of Van Cott v. Wall[3] seems to be controlling here.[4] West also contends that the court erred in awarding punitive damages without proof. With this we agree,[5] which in and of itself justifies a vacation of the default.

The fact that one of the counts, under the pleadings, including the inter-

---

1. How such gas and oil were a family expense is rather difficult to discern.

2. "When an attorney dies or is removed or suspended, or ceases to act *as such,* a party to an action or proceeding for whom he was acting as attorney must before any further proceedings are had against him be required by the adverse party, by written notice, to appoint another attorney or to appear in person."

3. 53 Utah 282, 178 P. 42 (1919).

4. This writer thinks the rule is subject to some legitimate criticism and analysis.

5. See Rule 55(b) (2), Utah Rules of Civil Procedure (Title 78, Utah Code Annotated 1953); Locke v. Peterson, 3 Utah 2d 415, 285 P.2d 1111 (1955); Utah Commercial & Savings Bank. v. Trumbo, 17 Utah 198, 53 P. 1033 (1898).

rogatories, hardly could be justified as a family expense, that counsel for both sides were departing in all directions, that there certainly was confusion in this case, together with an affidavit asserting failure to receive notice, plus a verified contention that West had a defense to the action, seems to us, that in the aggregate, the defendant West, in this particular case, if he wants it, should be entitled to his day in court in consonance with the letter and spirit of the rules and the authorities mentioned. (Emphasis added.)

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (concurring).

I concur for the sole reason that punitive damages cannot be awarded without evidence being taken by the court.