498 P.2d 648

**Alfred D. PEHRSON and Rhea B. Pehrson, Plaintiffs and Appellants,**

v.

**Boyd C. SADERUP et al., Defendants and Respondents.**

**No. 12723.**

Supreme Court of Utah.

June 13, 1972.

S. Rex Lewis, of Howard & Lewis, Provo, for appellants.

Robert J. Sumsion, Provo, for respondents.

CALLISTER, Chief Justice:

Plaintiffs initiated this action to recover damages from defendants for the act of defendants' agent in cutting down certain lilacs growing near the boundary line of their respective properties. Plaintiffs sought treble damages under Sec. 78–38–3, U.C.A.1953. The matter was tried before the court, and plaintiffs were awarded $50 damages, which were trebled. Plaintiffs appeal, and defendants cross-appeal.

Defendants were the owners of a piece of real property upon which they had erected an apartment house. They desired to extend the parking lot in an area which was obstructed by large lilacs. Defendants' son, Bruce, after making certain measurements, as well as observing certain physical objects, determined that the lilacs were situated on his parents' realty and proceeded to cut the lilacs down to one foot above the ground for a distance of 42 feet. The trial court found that there was no evidence that the cutting was wilful, wanton or malicious, but that it was under a mistake of fact that the lilacs were located on defendants' property.

Plaintiffs' expert witness estimated the value of a bush 15 feet high at $75 to $100. He further estimated that it would cost $50 per bush to dig up the roots of the present bushes, prepare the soil, and plant new bushes.

The trial court ruled that the measure of damages was the difference between the fair and reasonable market value of the property, including improvements, immediately before and after the injury. The court determined that no evidence was presented to which it could apply this measure; so it awarded nominal damages of $50, which it trebled in accordance with Sec. 78–38–3, U.C.A.1953.

On appeal, plaintiffs assert that the trial court used the wrong measure of damages and that they were entitled to the costs of

restoration, namely, $75 to $100 plus $50 for planting for each of 16 clumps of lilacs.

In Brereton v. Dixon,[1] this court recognized that there is no inflexible rule as to the appropriate measure of damages for the destruction of or injury to trees attached to the realty. The measure selected is the one which will give the injured party reasonable and adequate compensation for his actual loss as related to his use of the property.

Generally, the courts have held that the measure of damages for the destruction of or injury to ornamental or shade trees or shrubbery is the difference in the value of the land just before and just after the destruction or injury.[2]

Where the presence of trees is essential to the planned use of property for a homesite in accordance with the taste and wishes of its owner, where not unreasonable, and where such trees are destroyed by trespassers, the owner may be awarded as damages the fair cost of restoring his land to a reasonable approximation of its former condition, if such restoration be practical, without neces-

sary limitation to diminution in market value of such land.[3]

In a determination of the appropriate measure of damages in this area, the cardinal principles are flexibility of approach and full compensation to the owner, within the overall limitation of reasonableness.[4]

In the instant action, plaintiffs purchased the property for the purpose of procuring a rental unit; and, factually, this case is readily distinguishable from those where the purchasers select a particular lot for a homesite primarily for the beautiful trees.[5] Plaintiffs did not tender any evidence that the fair market value of this rental unit was diminished by loss of the lilac screen. Furthermore, the restoration measures suggested by plaintiffs were unreasonable both in nature to the damage sustained and the use to which the property was devoted. In light of the evidence adduced, the trial court did not err in its selection of the measure of damages.

Defendants, in their cross-appeal, assert that it was error to treble the damages under Sec. 78-38-3, U.C.A.1953, since the trial court specifically found that the

1. 20 Utah 2d 64, 433 P.2d 3 (1967).

2. 69 A.L.R.2d, Anno: Damages—Trees and Shrubbery, Sec. 15, p. 1366.

3. Thatcher v. Lane Construction Co., 21 Ohio App.2d 41, 254 N.E.2d 703, 708 (1970).

4. Huber v. Serpico, 71 N.J.Super. 329, 176 A.2d 805, 813 (1962).

5. Samson Construction Co. v. Brusowankin, 218 Md. 458, 147 A.2d 430, 69 A.L.R.2d 1326 (1962); also see cases in notes 3 and 4, supra.

defendants mistakenly thought the lilacs were growing on their property and that there was no evidence that the cutting was wilful, wanton or malicious.

Sec. 78–38–3, U.C.A.1953, provides:

Any person who cuts down or carries off any wood or underwood, tree or timber, or girdles or otherwise injures any tree of timber on the land of another person, . . . without lawful authority, is liable to the owner of such land, . . . for treble the amounts of damages which may be assessed therefor in a civil action.

Three other jurisdictions have statutory enactments with substantially similar provisions; they are California, Deering Cal. Code Civ.Proc., Sec. 733; Montana, Mont. Code, 1947, Sec. 93–6103; and Idaho, I.C., Sec. 6–202. The courts of these jurisdictions have uniformly held that although the statute does not so state in terms, the legislature did not intend that such a penalty should apply to cases in which the trespass was committed through an innocent mistake as to the boundary or location of a tract of land claimed by the defendant.[6]

Under the facts of the instant action, plaintiffs are not entitled to treble damages; otherwise, the judgment of the trial court is affirmed. Defendants are awarded their costs.

TUCKETT, ELLETT, HENRIOD, and CROCKETT, JJ., concur.

---

6.  Stewart v. Sefton, 108 Cal. 197, 41 P. 293 (1895) ; Roche v. Casissa, 154 Cal. App.2d 785, 316 P.2d 776 (1957) ; Caldwell v. Walker, 211 Cal.App.2d 758, 27 Cal.Rptr. 675 (1963) ; McDonald v. Montana Wood Co., 14 Mont. 88, 35 P. 668 (1894) ; Menasha Woodenware Co. v. Spokane International Ry. Co., 19 Idaho 586, 115 P. 22 (1911); Earl v. Fordice, 84 Idaho 542, 374 P.2d 713 (1962).