Howard Charles PITTS, Jr. and Marilyn J. Pitts, Plaintiffs and Respondents,

v.

PINE MEADOW RANCH, INC., d/b/a Jensen Associates and d/b/a Deseret Diversified Development, and John Does I through X, Defendants and Appellants.

No. 15428.

Supreme Court of Utah.

Dec. 29, 1978.

Stanley S. Adams, Craig Stephens Cook, Salt Lake City, for defendants and appellants.

Wendell E. Bennett, Salt Lake City, for plaintiffs and respondents.

WILKINS, Justice:

Defendants appeal from default judgment entered against them by the District Court for Salt Lake County, and from the Order denying defendant's motion to vacate said judgment. All statutory references are to Utah Code Ann., 1953, as amended. References to Rules are to Utah Rules of Civil Procedure.

In their complaint, plaintiffs allege that the defendants, or their agents, intentionally and wilfully trespassed on plaintiffs' unimproved real property, located in Summit County, used it as a junk yard and a garbage dump, drilled a well in the middle of it, and destroyed beautiful trees thereon. Plaintiffs claimed damages in the amount of the full market value of the real property, being $16,000, of which $5,000 was the value of the trees, for which they claimed treble damages under Section 78–38–3, together with punitive damages of $10,000.

The complaint was filed July 30, 1976, and summons was served on April 14, 1977. Defendants did not answer or take any other action. On August 1, 1977, the District Court, after defaulting defendants, took Plaintiff Howard Pitts' testimony under oath, and granted judgment in the amount prayed for, viz., $36,000.

Defendants moved to vacate the default judgment, citing as grounds therefor that the action was not brought in the county in which the real property is situated, contrary to the provisions of Section 78–13–1(1). The judgment is not invalid by reason of this statute, however, as all District Courts have general state-wide jurisdiction under Article VIII, Section 7, Utah Constitution. Defendants might have moved for a change of venue under the statute cited, if the motion were timely, but the judgment cannot be attacked on that ground.[1] Defendants' motion was accordingly denied.

Defendants now appeal, explaining that their three month failure to answer resulted from the fact that their agent, who received service on their behalf, became confused because he had received so many such complaints, and overlooked this one, or forgot to deliver it to defendants' attorney. They further assert that the judgment should be overturned in the interest of justice, since it constitutes more than twice the value of the land destroyed.

We are not insensitive to defendants' position. Nevertheless, it is largely within the discretion of the District Court to set aside a default judgment, and while we have held that its discretion should be exercised liberally in favor of the defaulting party in order to provide him his day in court,[2] we do not reverse the District Court's determination unless it has clearly abused that discretion.[3] The interests of the plaintiffs should also be taken into consideration, and the judgment should not be

---

1. *Snyder v. Pike*, 30 Utah 102, 83 P. 692 (1905).

2. *Mayhew v. Standard Gilsonite Co.*, 14 Utah 2d 52, 376 P.2d 951 (1962).

3. *Airkem Intermountain, Inc. v. Parker*, 30 Utah 2d 65, 513 P.2d 429 (1973).

set aside if to do so would work an injustice or inequity to them.[4]

At the time of the hearing on defendants' motion to vacate, plaintiffs had moved to England, intending to reside there for a period of three years. If the plaintiffs are now required to return to this jurisdiction in order to relitigate their claim it will be costly as well as greatly inconvenient to them.[5] Since defendants have not alleged nor argued any excusable neglect for failure to answer, nor have they asserted any other ground for relief pursuant to Rule 60(b), we do not find that the District Court abused its discretion in denying defendants' motion to vacate the default certificate.

Rule 55(b)(2) provides that where plaintiff's claim is other than a sum certain or an amount which by computation can be made certain, judgment by default may not be entered by the clerk of the Court, but must be entered by the Court, which may conduct such hearings and take such evidence as it deems advisable for determining the damages. In this case, the Court took evidence and plaintiff's testimony, as noted supra, was recorded. Defendants contend that the evidence does not support the judgment.

The measure of damages for trespass on real property and destruction thereon is generally the difference between the value of the property before and after the trespass.[6] Though Plaintiff Howard Pitts testified that the value of the property before the trespass was $16,000, there is no evidence of the market value after the trespass other than plaintiff's statement that the property was "totally ruined." On this basis the Court awarded to the plaintiff the total value of the property as damages for defendants' trespass. Similarly there is no testimony on which to base a finding of malice or wanton destruction on the part of the defendants to support the award of punitive damages.[7] Plaintiff's bare statement that the destroyed trees constituted $5,000 of the value of the property is all the evidence to support the treble damage award.[8] Under these circumstances we do not find sufficient credible evidence to support the judgment of $36,000.

Plaintiffs assert that the District Court weighed the evidence presented to it and was impressed that the amount claimed by plaintiff was fair, arguing that this Court should not substitute its judgment for that of the trial court. The record belies plaintiffs' argument, however, for after the plaintiffs' evidence was taken, and plaintiffs' claim of $36,000 argued to the Court, the Judge said:

That's too much money.

\* \* \* \* \* \*

Well, if they respond to a judgment of this size, if they are faced with a collection problem maybe they will respond.

\* \* \* \* \* \*

Well, it's clear back in April. I will give you the prayer of your Complaint, $36,000.

It is clear that the Court did not weigh the evidence or think that the damages amounted to $36,000, but entered judgment in that amount because the defendants had been dilatory and he thought a large judgment would bring them into Court, and that when the defendants did respond to that judgment, the Court refused to overturn it because at that time to do so would be an injustice to the plaintiff.

We hold that the defendants are entitled to a new hearing to determine the issue of damages, conditioned, however on the defendants paying to plaintiffs all of their reasonable and necessary expenses in returning to this jurisdiction (which defend-

**4.** *Chrysler v. Chrysler,* 5 Utah 2d 415, 303 P.2d 995 (1956).

**5.** See *Masters v. LeSeuer,* 13 Utah 2d 293, 373 P.2d 573 (1962).

**6.** *Brereton v. Dixon,* 20 Utah 2d 64, 433 P.2d 3 (1967).

**7.** *Security Adjustment Bureau v. West,* 20 Utah 2d 292, 437 P.2d 214 (1968).

**8.** See *Pehrson v. Saderup,* 28 Utah 2d 77, 498 P.2d 648 (1972).

ants have volunteered to do) for the purpose of re-litigating plaintiffs' damages. This matter is remanded to the District Court for the purpose of determining the details concerning these expenses, including the amount thereof and the period of time in which they are to be paid, and for such further proceedings on the issue of damages as are consistent with this opinion.

ELLETT, C. J., and MAUGHAN and HALL, JJ., concur.

CROCKETT, Justice: (concurring with comments).

It seems to me that the correct and judicious action for this Court is to rule that under the circumstances the trial court abused its discretion in refusing to set aside the default judgment against the defendants and to order that the judgment be vacated and the cause remanded for trial. This would put the case in the posture that both parties would be free to present whatever evidence and arguments they desired to the court on the issues involved, and without placing any restrictions thereon by our analysis of the evidence which was adduced on the wholly one-sided presentation to the trial court.