**2026 UT App 75**

# THE UTAH COURT OF APPEALS

JOHN B. MITCHELL,
Appellee,
*v.*
ARCO INDUSTRIAL SALES, ARCO PACKAGING/JANITORIAL SALES,
AND JOHN A. MITCHELL,
Appellants.

Opinion
No. 20240635-CA
Filed May 7, 2026

Third District Court, Salt Lake Department
The Honorable Adam T. Mow
No. 170905725

Troy L. Booher, Taylor P. Webb, Caroline A. Olsen,
and Robert W. Hughes, Attorneys for Appellants

Greggory J. Savage, James A. Sorenson, and
Stephen R. Arroyo, Attorneys for Appellee

JUDGE AMY J. OLIVER authored this Opinion, in which
JUDGES GREGORY K. ORME and DAVID N. MORTENSEN concurred.

OLIVER, Judge:

¶1      In 2017, John B. Mitchell (John)[1] sued his father, John A. Mitchell (Jack), and his father's companies—Arco Industrial Sales and Arco Packaging/Janitorial Sales (collectively, Arco)—asserting various claims of unfulfilled promises from John's time working at Arco. Following an earlier appeal affirming the district court's entry of default against Jack and Arco (collectively, Appellants), the district court awarded damages to John based on

---

1. Because two of the parties have the same surname, we refer to them by their first names for clarity, with no disrespect intended by the apparent informality.

affidavits. On appeal, Appellants assert the award should be vacated because they were entitled to an evidentiary hearing, the award of damages for lost past earnings was unsupported, and the award of prejudgment interest was improper. We disagree that Appellants were entitled to an evidentiary hearing. But because a defaulted defendant is entitled to be fully heard on the issue of damages and Appellants were not afforded such an opportunity, we vacate the damages award on that ground and remand the matter for further proceedings.

BACKGROUND[2]

¶2 Following this court's decision affirming the entry of default against Appellants, the parties returned to the district court for a determination of damages. The district court concluded it did not need to hold a hearing on evidentiary issues concerning damages and would instead take evidence through declarations submitted by the parties. Appellants agreed that the court could forgo a hearing and simply take declarations, saying they "[had] no problem with submitting [evidence] under declarations." The court later decided there was "not a role for [Appellants] to play" and they did not "have a right to contest or do something more than just hear [the] . . . evidence."

¶3 John then submitted a declaration and report from an expert (Expert) in support of his claim for damages for lost past earnings and fifty percent of the sales proceeds of Arco, along with prejudgment interest. John also submitted a proposed judgment, per the court's request, based on this report. Appellants objected to the proposed judgment and Expert's declaration, raising various concerns with Expert's calculations. The court

---

2. This is the second appeal in this case. For a more fulsome recitation of the factual background and the resolution of the first appeal, see *Mitchell v. Arco Industrial Sales*, 2023 UT App 70, 533 P.3d 394.

overruled Appellants' objections and entered judgment consistent with Expert's calculations.

¶4　Appellants then moved to alter or amend the judgment. They asserted for the first time, and in contravention of their prior statements to the court, that they were entitled to an evidentiary hearing on damages under rule 55 of the Utah Rules of Civil Procedure. They also asserted that the statute of limitations for John's claims had expired, the awards of lost past earnings and sales proceeds were unsupported by the complaint, the award of prejudgment interest was inappropriate, and even if such interest was appropriate, the court used the incorrect interest rate.

¶5　The district court granted the motion in part and denied it in part. First, the court concluded "the judgment complie[d] with rule 55" because the court was not required under the rule to hold an evidentiary hearing. Second, it determined the statute of limitations was an affirmative defense that had been waived when Appellants' answer was struck and Appellants could "not now revive such [a] defense." Third, the court concluded John was "entitled to all" lost past earnings contained in Expert's report. Fourth, the court accepted Appellants' argument that the calculation of damages for the Arco sales proceeds should have accounted for John's cost to purchase potential shares. Accordingly, the court set aside that portion of damages and instructed John to "provide . . . evidence sufficient to accurately calculate this damage figure." Finally, the court determined an award of prejudgment interest was appropriate but agreed it had used the incorrect interest rate for its calculation. Therefore, the court amended its previous judgment to reflect the lower prejudgment interest rate.

¶6　John then submitted a supplemental report from Expert to comply with the court's order. Appellants objected to this supplemental report as well. They argued John claimed new damages in the supplemental report and the prejudgment interest

was still miscalculated. The court agreed with Appellants and ordered John to "present evidence on the number of Arco shares" to which he was entitled and to "provide an updated prejudgment interest calculation using" the proper prejudgment interest rate.

¶7 John then submitted a third report from Expert, and Appellants once again objected, claiming the report still did not comply with the court's orders because it did not provide evidence of the shares John was entitled to and again miscalculated the prejudgment interest. The court determined the evidence John submitted was "insufficient for the [c]ourt to determine the sales proceed damages" and John was therefore "not entitled to an award" of such damages. The court also accepted Appellants' calculation of prejudgment interest, which had previously been accepted by John in his response to Appellants' objection.

¶8 The court issued an amended judgment awarding John $619,807 in lost past earnings and $305,616 in prejudgment interest, for a total of $925,423.

ISSUES AND STANDARDS OF REVIEW

¶9 Appellants raise three arguments on appeal. First, Appellants assert they were entitled to an evidentiary hearing on damages under rule 55 of the Utah Rules of Civil Procedure. We review "issue[s] involv[ing] the application and interpretation of a rule of civil procedure . . . for correctness." *Jenco, LC v. Valderra Land Holdings, LLC*, 2025 UT 20, ¶ 15, 572 P.3d 381 (cleaned up).

¶10 Second, Appellants assert the district court erred by awarding lost past earnings damages because the statute of limitations had expired for the claim. Waiver of an affirmative defense, such as the statute of limitations, is a legal conclusion we review for correctness. *See James v. Galetka*, 965 P.2d 567, 570 (Utah Ct. App. 1998).

¶11   Third, Appellants assert the district court erred when it awarded prejudgment interest. "A [district] court's decision to grant or deny prejudgment interest presents a question of law which we review for correctness." *Diversified Striping Sys. Inc. v. Kraus*, 2022 UT App 91, ¶ 44, 516 P.3d 306 (cleaned up).[3]


ANALYSIS

I. Rule 55 Default

¶12   Appellants' first argument challenges the district court's interpretation and application of rule 55 of the Utah Rules of Civil Procedure. Rule 55 states, "[T]he court may conduct such hearings or order such references as it deems necessary and proper" "to determine the amount of damages" following entry of default. Utah R. Civ. P. 55(b)(2). Appellants argue the rule requires the district court to hold an evidentiary hearing on damages and the court erred by not doing so. We evaluate their argument in two parts, first addressing the caselaw interpreting rule 55 and then addressing the district court's application of the rule in this situation.

A.    Caselaw

¶13   When a party has been defaulted—either by failing to appear and defend or, as in this case, as a sanction for discovery abuses, *see Mitchell v. Arco Indus. Sales*, 2023 UT App 70, 533 P.3d 394—judgment may be entered against that party in one of two ways. "When the plaintiff's claim against a defendant is for a sum certain," default may be entered by the clerk if "the default of the defendant is for failure to appear" and certain other conditions

---

3. Appellants also challenge the sufficiency of the evidence for the court's award of damages. Because we remand this matter to the district court to redetermine damages, we do not address this argument.

are met. Utah R. Civ. P. 55(b)(1). In "all other cases," the default must be entered by the district court. *Id.* R. 55(b)(2). Specifically,

> the party entitled to a judgment by default shall apply to the court therefor. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

*Id.*

¶14 Utah appellate courts have previously considered the practical implications of this rule on a district court's entry of default judgment on several occasions, including the manner in which the district court receives evidence establishing the plaintiff's damages.

¶15 In *Synergetics v. Marathon Ranching Co.*, the plaintiffs sued to rescind an agreement that provided "for the exchange of [a] sailboat for [real] property" and to seek monetary damages. 701 P.2d 1106, 1108 (Utah 1985). Following the entry of default for the defendants' failure to comply with discovery orders, the district court ordered "that judgment would enter for damages based upon the filing of appropriate affidavits concerning punitive and actual damages." *Id.* at 1112 (cleaned up). The plaintiffs then submitted an affidavit in support of their damages. *Id.* at 1109. "Based on [the] affidavit, the plaintiffs were awarded $352,000 in damages for conversion of the sailboat, $100,000 for rental of the boat, $200,000 in punitive damages, and costs." *Id.* On appeal, the defendants asserted "the district court erred in assessing damages against [them] without a hearing." *Id.* at 1112. The supreme court concluded "[t]his contention [was] without merit." *Id.* Although the defendants did not object to the plaintiff's affidavit nor submit

any affidavits of their own, the district court had "invited them to do so" and thus "afforded defendants full opportunity to be heard on the issue of damages." *Id.* The supreme court also upheld the district court's award of $200,000 in punitive damages—based only on the plaintiff's affidavit—because it was "eminently reasonable." *Id.* at 1113.

¶16  A few years later, our court followed the holding in *Synergetics* in *Amica Mutual Insurance Co. v. Schettler*, 768 P.2d 950 (Utah Ct. App. 1989). In *Amica*, the plaintiff filed suit against its insured, asserting claims for "fraud, misrepresentation, breach of contract, and conversion" and seeking monetary and punitive damages. *Id.* at 954. After the district court entered default judgment for failure to comply with discovery orders, the defendant "demanded a jury trial on the issue of damages." *Id.* at 955. The district court "denied [the] jury demand and instructed the parties to submit affidavits on the issue of damages." *Id.* After considering the memoranda and affidavits submitted by both parties, the district court awarded $98,579.24 in general damages and $100,000 in punitive damages. *Id.* On appeal, the defendant asserted that "even if he [did] not have a right to a jury trial, it was error to submit the issue of damages on affidavits." *Id.* at 963. Citing *Synergetics*, we concluded the district court offered the defendant "a full opportunity to be heard on the issue of damages" when it allowed him to submit a competing affidavit on damages following the entry of default judgment against him. *Id.* at 964 (cleaned up). Thus, while we vacated a portion of the court's award of damages for other reasons, *see id.* at 964–68, we nonetheless concluded the district court "did not err in awarding damages based on affidavits," *id.* at 964.

¶17  The supreme court further clarified the contours of what is required to award damages in cases of default in *Skanchy v. Calcados Ortope SA*, 952 P.2d 1071 (Utah 1998). In *Skanchy*, the district court had initially entered default judgment for the amount alleged in the complaint. *Id.* at 1074. But after the

defendant filed a motion to set aside the judgment, the court held a "bench trial . . . on the issue of damages" because "there [was] no sworn statement or other evidentiary submission before the [c]ourt as to the amount of damages." *Id.* On appeal, the defendant challenged the subsequent award of damages on one of the plaintiff's claims. *Id.* In assessing the merits of that challenge, the supreme court acknowledged that in cases involving unliquidated damages, "a default judgment can be entered only by a judge." *Id.* at 1076. When doing so,

> a judge must review the complaint, determine whether the allegations state a valid claim for relief, and award damages in an amount that is supported by some valid evidence. In other words, the allegations in the complaint are not a sufficient basis for awarding unliquidated damages. That *usually* means a hearing must be held so that the plaintiff can provide evidentiary support for the award of damages.

*Id.* (emphasis added) (cleaned up). Importantly, even though a bench trial had been held by the district court on the issue of damages, the supreme court stated only that a hearing is *usually* required, not that it is mandatory. *See id.*

¶18    We next turn to *Sewell v. Xpress Lube*, 2013 UT 61, 321 P.3d 1080. Appellants rely on this decision to support their argument that the district court was required to hold an evidentiary hearing before awarding damages. In *Sewell*, the defendant failed to answer or otherwise respond to the complaint, and the district court entered default judgment for $600,000, the full amount requested by the plaintiff in his complaint ("$45,000 for medical expenses, $420,000 in lost present and future earnings, and $135,000 for pain and suffering"). *Id.* ¶¶ 8–9 & n.2. The district court received no evidence in support of the damages and did not hold a hearing. *Id.* ¶ 9. The court later denied the defendant's

motions to set aside the default judgment. *Id.* ¶¶ 11–12. As relevant here, the defendant asserted on appeal that the district court erred in awarding the plaintiff's damages "without holding an evidentiary hearing." *Id.* ¶ 13.

¶19 The supreme court first noted that "it is still incumbent upon the non-defaulting party to establish by competent evidence the amount of recoverable damages and costs he claims." *Id.* ¶ 36 (quoting *Amica*, 768 P.2d at 965). The court then stated that "even defaulting defendants should *usually* be afforded an evidentiary hearing whenever the amount owed is unliquidated under rule 55(b)(2)." *Id.* (emphasis added) (cleaned up) (quoting *Cadlerock Joint Venture II, LP v. Envelope Packaging of Utah, Inc.*, 2011 UT App 98, ¶ 10, 251 P.3d 837).[4]

¶20 The supreme court then went on to state,

> Although the language of rule 55(b)(2) appears to be permissive by stating that the court may conduct a hearing on damages, a district court does not have discretion to avoid a hearing when the damages are unliquidated, regardless of the allegations in the complaint. Liquidated damages are those that can be precisely determined. In such cases, an evidentiary hearing is not always required. But where the damage claim is for other than a sum certain, the district court has an "obligation under rule 55(b)(2) to conduct such hearings and take such

---

4. In *Cadlerock Joint Venture II, LP v. Envelope Packaging of Utah, Inc.*, our court cited the supreme court's holding in *Skanchy v. Calcados Ortope SA*, 952 P.2d 1071, 1076 (Utah 1998), for the proposition that "[o]ur precedent states that even defaulting defendants should usually be afforded an evidentiary hearing whenever the amount owed is unliquidated under rule 55(b)(2)." 2011 UT App 98, ¶ 10, 251 P.3d 837.

> evidence as it deems advisable for determining the damages."

*Id.* ¶ 37 (cleaned up) (quoting *Cadlerock*, 2011 UT App 98, ¶ 11).[5] The supreme court then explained that "personal injury cases almost always involve elements of damages that are incomplete or cannot be calculated with mathematical accuracy. This is particularly true where the damages sought include amounts for pain and suffering and lost future wages." *Id.* ¶ 38 (cleaned up). The supreme court concluded "the district court erred when it entered default judgment for the full amount of damages alleged in the complaint without holding an evidentiary hearing." *Id.* ¶ 41. Thus, we read *Sewell* to require an evidentiary hearing where

---

5. This quoted language from *Cadlerock* was, in turn, a quote from *Pitts v. Pine Meadow Ranch, Inc.*, 589 P.2d 767 (Utah 1978). *See* 2011 UT App 98, ¶ 11. But the court in *Cadlerock* did not fully quote the supreme court's opinion in *Pitts*. The word "may," which appears immediately before the phrase "conduct such hearings and take such evidence as it deems advisable for determining the damages" in *Pitts*, was not included in the quotation by the *Cadlerock* court and thus was not included in the quotation by the *Sewell* court. The relevant passage in *Pitts* reads, in full,

> Rule 55(b)(2) provides that where plaintiff's claim is other than a sum certain or an amount which by computation can be made certain, judgment by default may not be entered by the clerk of the Court, but must be entered by the Court, which *may* conduct such hearings and take such evidence as it deems advisable for determining the damages.

589 P.2d at 769 (emphasis added).

the damages sought are of the type that "are incomplete or cannot be calculated with mathematical accuracy." *Id.* ¶ 38 (cleaned up).[6]

¶21    Having examined the relevant caselaw, we conclude that broadly reading the language in *Sewell* to require an evidentiary hearing in *all* cases of default where damages are unliquidated, as advocated by Appellants, is inconsistent with our caselaw as a whole and with *Sewell* itself. Accordingly, depending on whether the damages sought can be calculated with mathematical certainty, a district court may have discretion as to whether to hold an evidentiary hearing in determining the amount of unliquidated damages to award for a default judgment.

B.    Application

¶22    Having concluded that rule 55 of the Utah Rules of Civil Procedure does not require a district court to hold an evidentiary hearing to determine damages in every case involving unliquidated damages, we turn to the facts of this case. Here, John seeks damages for lost past earnings, proceeds from the sale of Arco, and prejudgment interest. All of these types of damages can be calculated with mathematical accuracy.[7] *Cf. Bjork v. April*

---

6. The supreme court in *Sewell* did not engage in any analysis of the holdings in *Synergetics*, *Amica*, or *Skanchy*—all prior cases that had determined it was not error for the trial court to award unliquidated damages for a default judgment based on affidavits alone. Nor did it explain why *Synergetics* and *Skanchy* were not binding and should be set aside. And it did not evaluate any of the factors that appellate courts consider when overruling precedent. *See Eldridge v. Johndrow*, 2015 UT 21, ¶ 22, 345 P.3d 553. We therefore do not read *Sewell* as overruling prior precedent on this issue.

7. Indeed, Appellants checked Expert's math and pointed out to the district court that "the math d[id] not add up."

*Indus., Inc.*, 560 P.2d 315, 317 (Utah 1977) ("[W]here damages are incomplete or cannot be calculated with mathematical accuracy, such as in case of personal injury, wrongful death, defamation of character, false imprisonment, etc., the amount of the damages must be ascertained and assessed by the trier of the fact at the trial."). None of them are of the type that "are incomplete or cannot be calculated with mathematical accuracy," such as the damages for pain and suffering and lost future wages sought in *Sewell*. *See* 2013 UT 61, ¶ 38. Thus, the district court was not required to hold an evidentiary hearing to determine the amount of John's damages.

¶23    While we conclude the district court was not required to hold an actual hearing on John's claims for damages, Appellants were entitled to a "full opportunity to be heard on the issue of damages." *Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1112 (Utah 1985). As our caselaw bears out, the full opportunity to be heard can take many forms, whether through a hearing, sworn affidavits, expert reports, or otherwise. *See supra* ¶¶ 13–20.

¶24    Here, the district court determined there was "not a role for [Appellants] to play" when determining damages and they did not "have a right to contest or do something more than just hear [the] evidence." As a result, the district court allowed only John to submit an expert affidavit in support of his damages calculation. Although the court did receive objections and motions from Appellants and amended its judgment in response, Appellants were never able to submit their own expert report or affidavits. They should have been given that opportunity.

¶25    Because Appellants were not afforded a full opportunity to be heard on the issue of damages, we vacate the damages award. On remand, the district court "may conduct such hearings or order such references as it deems necessary and proper" to allow both parties to be fully heard on this issue. *See* Utah R. Civ. P. 55(b)(2).

## II. Issues on Remand

¶26 Although our decision on the first issue is dispositive in this case, we choose to address Appellants' two remaining issues as they are likely to arise again on remand. *See, e.g.*, *State v. Low*, 2008 UT 58, ¶ 61, 192 P.3d 867.

### A. Statute of Limitations

¶27 Appellants assert that because the statute of limitations for all of John's claims had expired, the lost past earnings damages were unrecoverable. Appellants resist the district court's conclusion that this defense was waived when their answer was struck by arguing that affirmative defenses should be treated differently in the context of default. We are unpersuaded. Utah caselaw firmly establishes that the statute of limitations is a waivable defense. *See Staker v. Huntington Cleveland Irrigation Co.*, 664 P.2d 1188, 1190 (Utah 1983) ("The statute of limitations defense must be pleaded as an affirmative defense in a responsive pleading, or it is waived . . . ." (cleaned up)); *State v. Jackson*, 2011 UT App 318, ¶ 22, 263 P.3d 540 (holding that "a statute of limitations defense is not jurisdictional and that it can be waived" (cleaned up)); *James v. Galetka*, 965 P.2d 567, 571 (Utah Ct. App. 1998) ("In civil cases, a statute of limitations must be pleaded as an affirmative defense, or it is waived." (cleaned up)).

¶28 Because we previously affirmed the district court's decision to strike Appellants' answer, *see Mitchell v. Arco Indus. Sales*, 2023 UT App 70, ¶ 26, 533 P.3d 394, we conclude the district court did not err in its determination that the statute of limitations defense had been waived since the answer asserting the affirmative defense was no longer valid.

### B. Award of Prejudgment Interest

¶29 "A prejudgment interest award is proper when the damage is complete, the loss can be measured by facts and figures, and the

amount of loss is fixed as of a particular time." *Harris v. IES Assocs., Inc.*, 2003 UT App 112, ¶ 52, 69 P.3d 297 (cleaned up). Appellants argue that because their calculation of damages differed from John's, the damages in this case are speculative and not subject to prejudgment interest. But disagreement about the appropriate calculation is not the same as a loss being speculative. "Where damage figures are subject to calculation, . . . even if the method of calculating is uncertain, or the damage figures change, prejudgment interest is appropriate." *Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 2009 UT 7, ¶ 55, 210 P.3d 263. Although the parties disagree on how to properly calculate the lost earnings, the damages are calculable. Therefore, the district court did not err in awarding prejudgment interest.

CONCLUSION

¶30 While an evidentiary hearing was not mandatory, Appellants were entitled to be fully heard on the issue of damages. Because they were denied this opportunity, we vacate the damages award and remand the matter to the district court to reassess damages, allowing both sides to be fully heard. Furthermore, any statute of limitations defense was waived when Appellants' answer was struck, and an award of prejudgment interest is appropriate because the damages in this case are calculable.

_____