(March 25, 1911.)

MENASHA WOODENWARE COMPANY, a Corporation, Respondent, v. SPOKANE INTERNATIONAL RAILWAY COMPANY, a Corporation, Appellant.

[115 Pac. 22.]

Damages for Taking Right of Way—General and Special Verdict—Judgment of Court on—Conversion of Timber—Treble Damages—Damages Recoverable.

(Syllabus by the reporter.)

1. Under secs. 4396 and 4397, Rev. Codes, the trial court is authorized to render judgment on general and special verdicts.

2. *Held,* that certain findings of fact by the jury in the form of special verdicts were answers to questions of fact, which it was proper for the court to submit to the jury, and constituted a substantial compliance with the request of appellant in relation thereto.

3. Sec. 4531, Rev. Codes, authorizing treble damages for unlawfully cutting and carrying off timber from the lands of another, is not applicable where it is not shown that the trespass was wilfully and intentionally committed.

4. An action to recover treble damages under sec. 4531, Rev. Codes, where it is not alleged that the damage was committed wilfully .or intentionally, does not come within the purview of said section, but is good as an action at common law which may entitle the plaintiff to recover his actual damages.

APPEAL from the District Court of the Eighth Judicial District, in and for the County of Bonner. Hon. Robt. N. Dunn, Judge.

Action to recover damages for trespass and conversion of timber. Judgment for plaintiff. *Modified and affirmed.*

Allen & Allen and C. L. Heitman, for Appellant.

The rule seems to be that separate verdicts should be returned where several counts state different causes of action. (12 Current Law, pp. 2262, 2263; *Freedman v. N. Y. etc. Ry. Co.*, 81 Conn. 601, 71 Atl. 901, 15 Ann. Cas. 464.) It may be a single verdict containing separate findings. (*Graves v. St. Louis etc. Ry. Co.*, 133 Mo. App. 91, 112 S. W. 736; Hughes Instructions to Juries, 415.) In special findings or verdict, the jury must find upon all the material issues of the case. (*Sandstrom v. Smith*, 12 Ida. 446, 86 Pac. 416; *Hodge v. Easton*, 106 U. S. 408, 1 Sup. Ct. 307, 27 L. ed. 169; *McElwee v. Metropolitan L. Co.*, 69 Fed. 302, 16 C. C. A. 232.)

Treble damages not recoverable under this complaint. (Sec. 4531, Rev. Codes; *Barnes v. Jones*, 51 Cal. 303; *McDonald v. Montana Wood Co.*, 14 Mont. 88, 43 Am. St. 616, 35 Pac. 668; Endlich Interpretation of Statutes, sec. 129; *Stewart v. Sefton*, 108 Cal. 197, 41 Pac. 293–296.)

John P. Gray, Post, Avery & Higgins and A. H. Conner, for Respondent.

The court substantially complied with the request of defendant in submitting the cause upon a special verdict. Sec. 4397, Rev. Codes, provides for the rendition of special verdicts. Special verdicts control. (*Bradbury v. Idaho & Or. L. I.*

*Co.*, 2 Ida. 239 (221), 10 Pac. 620; *Gwin v. Gwin*, 5 Ida. 271, 48 Pac. 295.)

As to treble damages: *Ill. Central R. Co. v. Leiner*, 202 Ill. 624, 95 Am. St. 266, 67 N. E. 398; *Highway Commrs. v. Ely*, 54 Mich. 173, 19 N. W. 940; *Commrs. v. Perrier*, 3 Phila. 229. "Wilfully" means "intentionally." (Bouvier's Law Dictionary; *Bindbeutal v. Street Ry. Co.*, 43 Mo. App. 463; *Northern Ry. Co. of France v. Carpentier*, 13 How. Pr. 223; *Stratton v. Central City Ry. Co.*, 95 Ill. 25.)

Interest on treble damages should be remitted and no need of reversal. (*Brentner v. C. M. & St. L. R. R. Co.*, 68 Iowa, 530, 23 N. W. 245, 27 N. W. 605; *Haas v. Teters, ante,* p. 182, 113 Pac. 96.)

WOODS, District Judge.—The respondent sues to recover damages from the appellant for the value of a right of way appropriated and used by appellant, through certain lands, including the value of the timber cut from said right of way and used by appellant, for three times the value of the timber alleged to have been cut by appellant, wrongfully and unlawfully, on lands of respondent outside of and adjoining said right of way, and used by the appellant; for damages alleged to have accrued to its whole tract of land, exclusive of the part taken for its right of way, by reason of its severance from that part taken by its right of way; and the grading, construction and operation of the railroad and the manner in which the same has been, is now and will be done; and for a separate cause of action, alleges that about July 9, 1906, appellant unlawfully, negligently, etc., caused a fire to be started upon its roadbed and lands adjacent thereto, which spread and destroyed 1,653,000 feet of timber, to respondent's damage.

The appellant by answer admitted the construction of its railroad across two forties of respondent's land in 1905 and 1906, without condemnation proceedings; denied that its acts were without the knowledge and consent of respondent; admitted that it cut timber off the right of way and used the same, and admits the value of the right of way was of the

sum of $520.70. All other material allegations of the complaint were denied, and appellant offered to allow judgment for said sum of $520.70.

Upon these issues the trial was had before the court with a jury, and on December 23, 1909, the jury returned a general verdict in favor of respondent in the sum of $7,069.80, with interest, and also a special verdict of findings in the form of questions and answers. On the general verdict and the special findings the court on the 24th day of December, 1909, signed and entered judgment in favor of respondent and against the appellant, in the sum of $10,113.31 and costs.

This appeal is from the judgment.

The appellant contends that the court erred in refusing its request that, in submitting the form of the general verdict to the jury, the same be so framed as to specify and state the amount found upon each separate cause of action, and also in such form that the jury in the general verdict might find for either plaintiff or defendant; and also in refusing its request to require the jury to render a separate verdict upon each separate cause of action set forth in the complaint.

Secs. 4396 and 4397, Rev. Codes, are as follows:

"Sec. 4396. The verdict of a jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of the issues either in favor of the plaintiff or defendant; a special verdict is that by which the jury finds the facts only, leaving the judgment to the court. The special verdict must present the conclusions of fact as established by the evidence, and not the evidence to prove them; and those conclusions of fact must be so presented as that nothing shall remain to the court but to draw from them conclusions of law."

"Sec. 4397. In an action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict in writing upon all or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular

questions of fact, to be stated in writing, and may direct a written finding thereon.

"The special verdict or finding must be filed with the clerk and entered upon the minutes. Where a special finding of fact is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly."

The defendant did not request special findings upon any material facts except as to the amount, if anything, the jury by their verdict should find to be due respondent upon each separate claim made by it against appellant. Whether under the statutes the appellant had a right to have the court comply with its request is not material, for the court by its action did submit to the jury a list of questions to be answered by them, and which were so answered as follows:

"We, the jury sworn to try the above-entitled cause, having found a general verdict for the plaintiff, make the following findings of fact, shown by question and answer, to wit:

"Question 1. How much do you find for the value of the right of way, including the value of the timber upon said right of way cut by the defendant?

"Answer: $772.00 and interest at 7% from December 1, 1905, up to December 24, 1909.

"Question 2. How much, if anything, do you find as damages accruing and which will accrue to the whole 280 acres described in the complaint, exclusive of the part taken for said right of way, by reason of its severance from that part taken for a right of way, and the grading, construction and operation of the railroad in the manner in which it has been graded, constructed and operated?

"Answer: $5090.00 and interest at 7% from July 9, 1906, up to Dec. 24, 1909.

"Question 3. How much, if anything, do you find as damages for timber cut and appropriated by the defendant from the lands of the plaintiff outside of the right of way, and is such amount the actual damage found by you to have been suffered, or three times such damage?

"Answer: $528.40 and interest at 7% from Aug. 9, 1906, up to Dec. 24, 1909. Actual damage.

"Question 4. How much, if anything, do you find upon plaintiff's second cause of action as damages on account of fire?

"Answer: $679.50 and interest at 7% from Aug. 9, 1906, up to Dec. 24, 1909.

"C. R. GREEN, Foreman."

This we hold was within the province of the court, was a compliance in substance with the request of appellant, and that there was no error in this action of the trial court.

The provisions of the sections of the Revised Codes above quoted answer the objection of appellant contained in its third assignment of error, namely, that the court erred in rendering judgment upon the general and special verdicts, and we pass to the other points urged in argument.

The objection of the appellant that the court erred in entering judgment for treble the value of the timber cut from the land of respondent, outside of the right of way, will now be considered. Sec. 4531 of the Rev. Codes provides that any person who cuts down or carries off any timber on the lands of another person without lawful authority is liable to the owner of such land in treble the amount of damages which may be assessed therefor in a civil action in any court having jurisdiction. This section is as follows:

"Any person who cuts down or carries off any wood or underwood, trees, or timber, or girdles, or otherwise injures any tree or timber on the land of another person, or on the street or highway in front of any person's house, village, or city lot, or cultivated grounds; or on the commons or public grounds of or in any city or town, or on the street or highway in front thereof, without lawful authority, is liable to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor, in a civil action, in any court having jurisdiction."

That section, being identical with the provisions of section 733 of the Code of Civil Procedure of California, renders the decisions of the California supreme court upon the construc-

tion of such section entitled to great consideration. Before passing to that, we desire to state that the only allegation in the complaint in this action is that appellant "wrongfully trespassed upon that part of said land adjoining said roadbed, and wrongfully cut standing timber thereon, and converted the same to its own use." The words contained in the section of the statute, "without lawful authority," do not appear in the allegation above stated, but there is the averment in the complaint that respondent has been damaged on account thereof in the following sums, beside interest, as follows:

"a.  . . . .

"b.  In the sum of $2,861.88 besides interest, being three times the value of the timber cut by defendant wrongfully and without authority, outside and adjoining said right of way, upon plaintiff's land, and by defendant in the construction of its road and otherwise."

In the case of *Barnes v. Jones*, 51 Cal. 303, the court says:

"The complaint avers that the plaintiff owned the land, and that the defendants, 'without leave of the plaintiff, wrongfully' entered and cut down and carried off the timber, whereby the plaintiff was damaged in a specified sum, 'contrary to the form, force and effect of section two hundred and fifty-one' of the practice act, giving its title and date. There is no averment that the trespass was committed knowingly, wilfully, or maliciously. The answer denies that the plaintiff owned any of the land described in the complaint, except a certain specified portion thereof, and that any of the timber was cut on this portion. The court finds that the defendants cut and carried away from the plaintiff's land described in the complaint timber of the value of twelve hundred dollars; but that they entered 'under a mistake as to the identity of the land, believing it to be a portion of another tract which they claimed by purchase.' The court trebled the damages, and entered a judgment for the plaintiff for three thousand six hundred dollars; from which, and from the order denying their motion for a new trial, the defendants appeal.

"The ground chiefly relied upon for a reversal of the judgment is that the court erred in trebling the damages; and we are of the opinion that the judgment is erroneous in this particular. While the statute does not so state in terms, it is clear, we think, that it was not intended to apply to cases in which the trespass was committed through an innocent mistake as to the boundary or location of a tract of land claimed by the defendant. Similar statutes of other states have received this construction, and we are satisfied it is correct. (*Batchelder v. Kelley,* 10 N. H. 436, 34 Am. Dec. 174; *Russell v. Irby,* 13 Ala. 131; *Perkins v. Hackelman,* 26 Miss. 41, 59 Am. Dec. 243; *Whitecraft v. Vanderver,* 12 Ill. 235.)  In the case first cited, the supreme court of New Hampshire said: 'The general tenor of the statute is such as wholly to preclude the idea that it was designed to apply to unintentional trespassers'; and in *Russell v. Irby,* the supreme court of Alabama said: 'We think it entirely clear that the cutting of trees upon another's land, under the impression that the party had not gone beyond his own boundaries, was not within the contemplation of the legislature. Moral justice would forbid any extraordinary infliction in such a case, and the damages recoverable at common law would afford an adequate reparation.' . . . .

"The plaintiff, however, contends that the finding, to the effect that the defendants committed the trespass unintentionally, and through mistake, is outside of any issue raised by the pleadings, and should be disregarded. But, upon our construction of the statute, the complaint fails to state a case entitling the plaintiff to treble damages. It contains no averment that the trespass was wilful, but only that the entry and cutting of the timber was wrongful, and without the plaintiff's leave. The statute has no application to such a case; and though good as an action at common law, entitling the plaintiff to recover his actual damage, the complaint does not state a case in which the damages can be trebled. The judgment is, therefore, hereby modified by reducing the

amount thereof to twelve hundred dollars, and as so modified is affirmed.''

The respondent contends that every presumption in favor of the validity of the judgment not negatived by the record must be taken by this court, and we may concede that proposition to be true. In our construction of the statute the complaint does not state facts sufficient to entitle it to treble damages. As said in *Barnes v. Jones, supra,* ''it contains no averment that the trespass was wilful, but (as in the case at bar) only that the entry and cutting was wrongful and without plaintiff's leave. The statute has no application to such a case, and though (the complaint is) good as an action at common law, entitling the plaintiff to recover his actual damages, the complaint does not state a case in which the damages can be trebled.''

We find additional authority for this construction of the statute in cases cited by appellant. (*McDonald v. Montana Wood Co.,* 14 Mont. 88, 43 Am. St. 616, 35 Pac. 668, and Endlich Interpretation of Stats., sec. 129.)

In our view of the law, it is not necessary to pass upon the question of adding interest to the amount included in the treble damage. The respondent, in conceding it to be error so to do, and in its offer to remit the amount so erroneously included in the judgment, but yields to the law.

Subd. 3 of the judgment for the sum of $1,594.90 is modified to the amount of actual damages as shown by the special finding of the jury to the sum of $653.11, thus modifying the aggregate judgment to $8,807.09, and as so modified the judgment is *affirmed.* The entire costs of this appeal to be equally divided between appellant and respondent. This cause is remanded with directions to the district court to modify the judgment in accordance with this opinion.

Ailshie, Presiding J., and Sullivan, J., concur.

Petition for rehearing denied.