## UNITED STATES v. CHAMBERLAIN et al.

### No. 1522.

District Court, D. Idaho, N. D.

July 7, 1943.

John A. Carver, U. S. Dist. Atty., E. H. Casterlin, Asst. U. S. Dist. Atty., and Robert W. Beckwith, Asst. U. S. Dist. Atty., all of Boise, Idaho, for plaintiff.

A. K. Bowden, of Sandpoint, Idaho, for defendant Michael.

CLARK, District Judge.

The Government brought this action against Stanton G. Chamberlain and George H. Michael to recover the value of timber cut on certain lands described as Lot 11, Section 6, Township 57 North, Range 2 West Boise Meridian, Coeur d' Alene, Idaho, Land District. This land being public domain. (Stanton G. Chamberlain was not served with process and the case proceeded to trial as to George H. Michael before the Court sitting without a jury.)

Defendant Stanton G. Chamberlain had previously filed a homestead entry on the above-described land but had not received a patent, and during the time he was in possession by virtue of his homestead entry, he sold to the defendant George H. Michael timber growing thereon and by reason of such contract of sale defendant Michael entered upon the land and cut and removed a portion of the timber and a portion was cut but not removed. These acts of cutting and removing the timber took place between the months of April 1937 and October 1937. The defendant Michael sold and removed from the land 15180 feet of white pine and 14820 feet of mixed tamarack, red and white fir and in addition cut down approximately 6500 feet of white pine and 25000 feet of mixed tamarack, red and white fir. This timber remained on the land and was a total loss to both the Government and the defendant Michael. For the timber that was removed and sold, the Government received payment from the buyers who bought

the timber from Michael except for one thousand feet of white pine.

The Stanton G. Chamberlain homestead entry was rejected by the Department of Interior on or about May 3, 1937, and thereafter cancelled, and the Government has now brought this suit for the full amount of the timber cut on an alleged value of $18 per thousand feet board measure for the white pine and on an alleged value of $9 per thousand feet board measure for the mixed tamarack, red and white fir; fixing the stumpage value at $6 per thousand for the white pine and $1 per thousand feet for the mixed tamarack and red and white fir. The Government also asks for treble damages under the provisions of Section 9-202, Idaho Code Annotated.

The defendant George H. Michael purchased the timber in good faith believing that the defendant Chamberlain was the owner of the land in question. He paid Chamberlain for it, and for the timber that Michael sold, the Government received payment at its stumpage value, except for the 1,000 feet of white pine heretofore mentioned. The balance of the timber consisted of 6500 feet of white pine and 25000 feet of mixed tamarack, red and white fir. This was left on the ground by order of the Government agent and became worthless although the defendant Michael offered to deliver it to purchasers ready to buy and pay for it and have the Government receive the purchase price at the stumpage value fixed by the Government.

The above statement covers the facts in this case as shown by the evidence and there is no conflict in the evidence. There are three questions for the Court to consider in rendering its decision.

1. If the Government recovers is it entitled to treble damages?

2. Is the Government entitled to recover for the timber cut and sold for which the Government received payment from the purchasers?

3. Is the Government entitled to recover for the timber cut that defendant Michael offered to deliver and let the Government receive the payment, which offer was refused by the Government agent and the defendant was ordered not to remove and resulted in the timber becoming worthless by remaining down in the woods?

■ I have placed the question of treble damages first because it seems that it would be well to determine in the first instance whether this case should be considered in the light of an innocent trespass or a wilful and intentional trespass. The Statute under which treble damages are allowed is section 9-202 of the Idaho Code Annotated, which reads as follows: "Any person who cuts down or carries off any wood or underwood, tree, or timber, or girdles, or otherwise injures any tree or timber on the land of another person, or on the street or highway in front of any person's house, village, or city lot, or cultivated grounds; or on the commons or public grounds of or in any city or town, or on the street or highway in front thereof, without lawful authority, is liable to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor in a civil action, in any court having jurisdiction."

In considering this section of the code we must look at the facts. Here Stanton G. Chamberlain was in possession of the land and from all outward appearances he was the owner of it. He advised the defendant Michael that he was the owner. All of the evidence shows without dispute that Michael was honest in his dealing; that he paid a fair consideration for the timber. It is well established that "[this section] is not applicable where it is not shown that the trespass was willfully and intentionally committed." Menasha Woodenware Co. v. Spokane International R. R. Co., 19 Idaho 586, 115 P. 22.

■ So, in view of the evidence it is necessary to hold that the defendant Michael was an innocent trespasser, and the Court so holds.

We now come to the second question. Is the Government entitled to recover additional money for the timber cut and sold, for which the Government received the full stumpage value from the purchaser?

■ Having held above that this defendant was an innocent purchaser there can be no question that he should not be required to pay any amount in addition to the amount already paid to the Government for such timber. Any additional payment would be in the nature of penalty under a wilful or intentional trespass. So the Court holds that the Government has received payment for the timber cut and sold, except for the 1,000 feet of white pine upon which the Government placed a value of $6 and that the Government is only entitled to $6 for that 1,000 feet of timber, which they have not received payment for.

■■ The third question has been more difficult. Here we have a man who is not a wilful trespasser. The Department of Interior, which investigated this matter, settled with the companies who purchased the timber from Michael on a stumpage value basis. They were convinced that Michael was an innocent trespasser or they would not have made such a settlement. So we find the defendant in the position of an innocent man with timber on his hands, cut on Government land, some of it on skids and ready to load and deliver, then he finds that he has no right to the timber. He tries to negotiate with the department agent; he asks to be allowed to deliver the sawlogs to the mill without expense to the Government and let the Government receive payment for them. The agent for the Department of Interior refused this arrangement. They refused to allow him to deliver or sell the timber. He had to walk away and leave the timber there to become worthless by remaining down in the woods. The Government made no attempt, through it agents, to sell the timber. Nevertheless the defendant Michael was a trespasser. The timber belonged to the Government of the United States. The Government had never authorized the defendant to cut the timber. There is no question that the action of the Government official in refusing to do anything with the timber or permit the defendant to dispose of it is immaterial to the right of the Government to recover the stumpage value of this timber cut and left upon the ground.

"Persons cutting trees growing on the lands of the United States, without permission, are mere trespassers, performing an illegal act, and acquire no right, title, or interest in the wood by reason of the severance." Northern Pacific R. R. Co. v. Lewis, 162 U.S. 366, 16 S.Ct. 831, 40 L.Ed. 1002.

■ If the defendant had removed the timber and sold it after being advised that the land did not belong to Chamberlain, then his status would have changed from an innocent trespasser as to the timber so removed. There is no defense in such a case, and the United States is neither bound nor estopped by the Acts of its officers or agents. The Government has vast areas of timber land to guard against trespass. It cannot be expected to place guards or post signs to protect such timber land from trespass.

In this case the defendant must suffer though innocent of wilful wrongdoing, for he is a trespasser nevertheless.

The plaintiff is entitled to judgment against Michael for the stumpage value of the timber cut and left upon the land, which is the proper rule in cases of innocent trespass. E. E. Bolles Woodenware Co. v. United States, 106 U.S. 432, 1 S.Ct. 398, 27 L.Ed. 230.

The undisputed evidence fixes the value for the timber in question at $6 per thousand for the white pine and $1 per thousand for the mixed tamarack, red and white fir, and the Court finds this to be the value.

This being the case, the 6500 feet of white pine at $6 per thousand would amount to $39 and 25000 feet of mixed tamarack, red and white fir at $1 would amount to $25 and the 1,000 feet of white pine sold and not accounted for amounts to $6 making a total of $70 for which plaintiff would be entitled to judgment.

The plaintiff may prepare findings of fact, conclusions of law and judgment in accordance with the views stated herein.