**John M. MOCK and Marjorie Mock, husband and wife, Plaintiffs,**

**v.**

**POTLATCH CORPORATION, a foreign corporation, Defendant.**

**Civ. No. 91–0082–N–HLR.**

United States District Court, D. Idaho.

March 10, 1992.

Theodore O. Creason, David E. Dokken, Ware, O'Connell & Creason, Lewiston, Idaho, for plaintiffs.

Michael E. McNichols, Adrienne K. Stromberg, Clements, Brown & McNichols, Lewiston, Idaho, for defendant.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

RYAN, Chief Judge.

### I. FACTS AND PROCEDURE

The plaintiffs, John M. Mock and Marjorie Mock, filed this action in the District Court of the State of Idaho, in and for the County of Nez Perce, on February 8, 1991. The defendant, Potlatch Corporation ("Potlatch"), filed a Notice of Removal to this court on March 11, 1992, and filed an Answer on March 18, 1991. The court has original jurisdiction over this action based on 28 U.S.C. § 1332.

On September 30, 1991, the defendant filed a Motion for Partial Summary Judgment. The plaintiffs filed a response to this motion on October 11, 1991. The defendant then filed a reply memorandum on October 24, 1991. In addition, the court heard oral argument on this motion on March 5, 1992. Therefore, the defendant's Motion for Partial Summary Judgment is now ripe for decision.

Based on the record now before the court, the facts of this case are as follows. The plaintiffs reside on real property approximately 1800 feet directly north and across the Clearwater River from the Potlatch plant in Lewiston, Idaho. They have made their home on this property since 1971.

This dispute first began when Potlatch installed a new steam-driven turbine electrical generator in late 1990 and early 1991. Potlatch maintains that because of the high speed of the turbine and its mechanical design, a particle of any size would cause substantial damage to the turbine blades. Consequently, the connection pipes which conduct steam to the turbine had to be cleaned by forcing high pressure steam through the pipes. This cleaning process was performed periodically in late 1990 and early 1991.

The cleaning process produced sound levels in excess of that allowed by a Lewiston ordinance. Therefore, Potlatch applied for and received a variance from the city effective from November 12, 1990, and extending to February 15, 1991. The plaintiffs complain that the noise level increased dramatically at the plant, to the point that they were being subjected to noise in excess of 100 decibels at times. The plaintiffs further allege that the increased noise levels still occur periodically, and that not all of the increased noise comes from the cleaning of the turbine pipes.

The plaintiffs brought suit based on two causes of action—private nuisance and trespass. The complaint alleges that the plaintiffs have suffered general damages, including depreciation or diminution in the rental value or use of their property, and special damages in the form of personal discomfort, inconvenience, annoyance, injury to health, mental distress and mental anguish, and have incurred significant legal fees and costs in pursuing the present action against Potlatch. The plaintiffs seek to recover these damages, and they also seek a permanent injunction preventing Potlatch from creating noise levels in excess of 60 decibels as measured from the property of the plaintiffs.

### II. ANALYSIS

#### A. *The Summary Judgment Standard*

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S.C.S. Court Rules, Rule 56(c), Federal Rules of Civil Procedure (Law. Coop 1987).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to his case and upon which he will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the non-moving party fails to make such a showing on any essential element of his case, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be *both* "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975) (*quoting First Nat'l Bank v. Cities Serv. Co., Inc.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). The Ninth Circuit cases are in accord. *See e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund,* 882 F.2d 371 (9th Cir.1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

### B. *Pending Motion for Partial Summary Judgment*

In the motion now before the court, Potlatch seeks summary judgment on the plaintiffs' trespass claim. Potlatch argues that because plaintiffs' trespass claim is based upon noise alone, with no claim of actual or physical trespass, then Potlatch is entitled to judgment as a matter of law. Potlatch maintains that an action for trespass cannot be based upon an intangible invasion such as noise, smoke, or light. Potlatch insists that such complaints must be based upon a private nuisance theory.

The Idaho laws governing trespass were amended and augmented in 1976. *See* Idaho Code §§ 6–202 and 6–202A. Section 6–202 reads as follows:

6–202. Actions for Trespass.—Any person who, without permission of the owner, or the owner's agent, enters upon the real property of another person which property is posted with "No Trespassing" signs or other notices of like meaning, spaced at intervals of not less than one (1) notice per six hundred sixty (660) feet along such real property; or who cuts down or carries off any wood or underwood, tree or timber, or girdles, or otherwise injures any tree or timber on the land of another person, or on the street or highway in front of any person's house, village, or city lot, or cultivated grounds; or on the commons or public grounds of or in any city or town, or on the street or highway in front thereof, without lawful authority, is liable to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor or fifty dollars ($50.00), plus a reasonable

---

**1.** *See also* Rule 56(e), which provides in part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

U.S.C.S. Court Rules, Rules of Civil Procedure, Rule 56(e) (Law.Co-op. 1987 & Supp.1991).

attorney's fee which shall be taxed as costs, in any civil action brought to enforce the terms of this act if the plaintiff prevails.

Idaho Code § 6–202 (1990).

Idaho Code § 6–202A states that, "[a]s used in section 6–202, Idaho Code, 'enters' and 'entry' mean going upon or over real property, either in person or by causing any object, substance or force to go upon or over real property." Idaho Code § 6–202A (1990). The plaintiffs argue that these statutes override any and all common law with respect to trespass actions in Idaho, but they offer no authority for this assertion. In fact, this argument is contrary to the existing case law in Idaho.

For example, in *Menasha Woodenware Co. v. Spokane Int'l. Ry.*, 19 Idaho 586, 115 P. 22 (1911), the Idaho Supreme Court held that the statute (now 6–202) does not apply when the trespass is not committed wilfully and intentionally. In ruling on the merits of that case, the Idaho Supreme Court declared:

> In our construction of the statute the complaint does not state facts sufficient to entitle it to treble damages.... "[I]t contains no averment that the trespass was wilful, but (as in the case at bar) only that the entry and cutting was wrongful and without plaintiff's leave. The statute has no application to such a case, and though (the complaint is) good as an action at common law, entitling the plaintiff to recover his actual damages, the complaint does not state a case in which the damages can be trebled."

*Id.* at 594, 115 P. 22 (citation omitted). *See also Earl v. Fordice,* 84 Idaho 542, 374 P.2d 713 (1962) (for a plaintiff to be entitled to recover statutory treble damages, instead of merely his actual damages, it is necessary to establish that the trespass was wilfully and intentionally committed).

■ Therefore, the Idaho statutes governing trespass only apply when the trespass is shown to have been wilful and intentional, and the wronged party seeks

treble damages therefor, as authorized by Section 6–202. In all other circumstances, the common law principles relating to trespass actions apply. The court is unaware of any recent Idaho cases to the contrary, and the 1976 amendments to the statutes did nothing to alter this interpretation established in the cases cited above.

The Idaho Supreme Court has not addressed the question of whether intangible entries onto another's land in the form of noise, smoke, light or odor can give rise to an action for trespass. Therefore, the court must look to traditional common law principles and the cases decided in other jurisdictions.

■ The traditional common law requirements for recovery for trespass to land include (1) an invasion (2) which interferes with the right of exclusive possession of the land, and (3) which is a direct result of some act committed by the defendant.[2] Historically, an invasion must constitute an interference with possession in order to be actionable as a trespass. This requirement still persists today, and forms the basis of the distinction between the tort of trespass and the tort of private nuisance.[3] The tort of trespass applies to wrongful interference with the right of *exclusive possession* of real property, while the tort of private nuisance applies to wrongful interference with the *use and enjoyment* of real property.

■ Generally, an interference with the exclusive right of possession involves an entry onto the land. An entry may take the form of the defendant personally intruding on the land, causing another to intrude upon the land, or causing some tangible thing to intrude upon the land. *See Restatement (Second) of Torts* § 158(a) (1965). Thus, the discussion returns to the primary issue at hand—whether the noise created at the Potlatch plant in Lewiston and heard on the nearby property of the plaintiffs constitutes a wrongful "entry."

**2.** W. Page Keeton, et al., *Prosser and Keeton on The Law of Torts* § 13, at 67 (5th ed. 1984).

**3.** *Id.* at 70.

The court must consider whether the noise constitutes an entry as defined under Idaho Code § 6–202A, and/or whether it constitutes an entry as it is generally defined at common law. "Entry" as defined in Section 6–202A means "going upon or over real property, either *in person* or by causing any *object, substance* or *force* to go upon or over real property." Idaho Code § 6–202 (1990) (emphasis added).

The plaintiffs argue that the noise created by Potlatch constitutes a "force" entering upon the land. The plaintiffs offer no authority for their position. "Force" is not defined in the statute, and there are no Idaho cases interpreting the meaning of "force." Therefore, the court feels compelled to look elsewhere to determine if there is any support for the proposition that noise can constitute an "entry."

The court finds the following passage from *Prosser and Keeton on The Law of Torts* to be particularly instructive:

> While it is generally assumed and held that a personal entry is unnecessary for a trespass, the defendant's act must result in an invasion of *tangible* matter. Otherwise, there would be no use or interference with *possession*. Thus, it is *not* a trespass to project light, *noise,* or vibrations across or onto the land of another. These acts may give rise to liability because of a *private nuisance* resulting from intentional interference with the *use and enjoyment* of property, or because of harm attributable to negligence, or because of liability for harm caused by an abnormally dangerous activity. It is, however, reasonably clear that the mere intentional introduction onto the land of another of smoke, gas, *noise,* and the like, without reference to the amount thereof or other factors that are considered in connection with a private nuisance, is *not* actionable as a *trespass.*

*Id.* § 13, at 71 (5th ed. 1984) (emphasis added) (footnotes omitted).

Potlatch has cited *Maddy v. Vulcan Materials Co.,* 737 F.Supp. 1528 (D.Kan.1990). In this case, Vulcan Materials Co. was sued by a neighboring property owner for personal injuries, emotional distress, trespass, nuisance, and absolute liability based upon alleged emission and migration of airborne gases. The court held that the neighboring property owner could not recover for trespass in the absence of actual and substantial damage implicating the right to exclusive possession of the property. *Id.* at 1541.

*Maddy* provides an excellent discussion of the central issue involved in the instant Motion for Partial Summary Judgment. The court first cited the traditional rule relating to trespass which states that a defendant's actions must cause an invasion of the plaintiff's property by some tangible matter. *Id.* at 1539. The court then went on to note that smoke, gas, and noise are not generally actionable as a trespass because there is no actual physical invasion by some tangible matter. *Id.* The court then noted a recent trend in the law relating to trespass.

> However, a modern trend has emerged under which airborne pollution may constitute a trespass, where the plaintiff can demonstrate physical damage to his property.... The modern trend departs from the traditional rule by finding that intangible invasions of the plaintiff's property may constitute a trespass. However, the modern trend also departs from traditional trespass rules by refusing to infer damage as a matter of law, thereby eliminating the right to nominal damages. *The plaintiff claiming trespass must prove that the intangible invasion resulted in substantial damages to the plaintiff's land.*

*Id.* (citations omitted) (emphasis added).

The court then cited *Borland v. Sanders Lead Co.,* 369 So.2d 523 (Ala.1979), as a leading case in this area. In *Borland,* the alleged trespass was based on the intrusion of lead particulates and sulfoxide gases onto the plaintiff's property. The trial court in *Borland* dismissed the case under the traditional rules of trespass. The Alabama Supreme Court reversed based on the following analysis.

> Under the modern theory of trespass, the law presently allows an action to be

maintained in trespass for invasions that, at one time, were considered indirect and, hence, only a nuisance. In order to recover in trespass for this type of invasion [i.e., the asphalt piled in such a way as to run onto plaintiff's property, or the pollution emitting from a defendant's smoke stack, such as in the present case], a plaintiff must show 1) an invasion affecting an interest in the exclusive possession of his property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and 4) substantial damages to the *res.*

*Maddy v. Vulcan Materials Co.,* 737 F.Supp. at 1540 (*quoting Borland v. Sanders Lead Co.,* 369 So.2d at 529) (brackets in original).

The court in *Maddy* also noted that the Washington Supreme Court reached that same conclusion in *Bradley v. American Smelting & Refining Co.,* 104 Wash.2d 677, 709 P.2d 782 (1985), a case which also involved intangible airborne particles:

> While at common law any trespass entitled a land owner to recover nominal or punitive damages for the invasion of his property, such a rule is not appropriate under the circumstances before us. No useful purpose would be served by sanctioning actions in trespass by every land owner within a hundred miles of a manufacturing plant. Manufacturers would be harassed and a litigious few would cause the escalation of costs to the detriment of the many. *[T]he plaintiff who cannot show that actual and substantial damages have been suffered should be subject to dismissal of his cause upon a motion for summary judgment.*

*Maddy v. Vulcan Materials Co.,* 737 F.Supp. at 1540 (*quoting Bradley v. American Smelting & Refining Co.,* 709 P.2d at 791).

The Washington Supreme Court rejected the distinction between trespass and nuisance based on whether an invasion to land is tangible or intangible, or direct or indirect. Yet the court did retain the distinction based on the nature of the interest infringed upon by the invasion. "If the intrusion interferes with the right to exclusive possession of property, the law of trespass applies. If the intrusion is to the interest in use and enjoyment to property, the law of nuisance applies." *Id.* 709 P.2d at 790.

The decision of the Washington Supreme Court was later applied in *Bradley v. American Smelting & Refining Co.,* 635 F.Supp. 1154 (W.D.Wash.1986), a subsequent proceeding involving the same case. In this later proceeding, the United States District Court for the Western District of Washington addressed the question of whether an alleged decrease in value of the plaintiff's property is sufficient to satisfy the requirement that the plaintiff's property must suffer *actual* and *substantial* damage. The court held that such an allegation alone is not sufficient.

> Plaintiffs assert that the value of their property has diminished as a result of the arsenic and cadmium in the soil. This assertion carries no weight because the record contains no evidence of any such diminishment. Moreover, this sort of evidence can serve only to quantify the magnitude of injury otherwise proven.
>
> As the undisputed evidence indicates that any arsenic or cadmium in plaintiffs' soil has not damaged plaintiffs' property, the court concludes that plaintiffs are unable to establish a necessary element of their trespass claim and that, therefore, defendant's motion for summary judgment should be granted as to plaintiffs' trespass claim.

*Id.* at 1157.

### III. CONCLUSION

◼ The modern trend relating to actions in trespass can be summarized as follows. If there is a direct and tangible invasion of another's property, there is an infringement of the right of exclusive possession, and the law will presume damages. On the other hand, if the invasion is indirect and intangible (such as noise, odors, light, smoke, etc.), the proper remedy lies in an action for nuisance, based on interfer-

ence with the right of use and enjoyment of the land. However, if the intangible invasion causes *substantial damage* to the plaintiff's property, this damage will be considered to be an infringement on the plaintiff's right to exclusive possession, and an action for trespass may be brought.

Based on the preceding discussion, the court finds that the defendant's Motion for Partial Summary Judgment should be granted. Clearly, the plaintiffs in the case at hand cannot maintain an action for trespass under the traditional rule regarding intangible invasions. In addition, in order to take advantage of the modern trend, the plaintiffs must show that the noise emitted from the Potlatch plant inflicted actual substantial damage on their property. The plaintiffs have not shown actual damage to their property caused by the noise. The plaintiffs have merely alleged that the value of their property has been diminished because of the noise. This court agrees with *Bradley v. American Smelting & Refining Co.*, 635 F.Supp. 1154 (W.D.Wash. 1986), that the mere allegation of diminished property value is not sufficient to meet the requirement of showing actual and substantial damage to the property itself. Therefore, the plaintiffs, as the non-moving party, have failed to make a showing sufficient to establish the existence of an element which is essential to their case and upon which they would bear the burden of proof at trial. Under the circumstances, the plaintiffs' remedy, if any, must come under the auspices of the tort of private nuisance.

### IV. ORDER

Based on the foregoing, and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the defendant's Motion for Partial Summary Judgment, filed September 30, 1991, should be, and is hereby, GRANTED.