**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 38997**

| | | |
|---|---|---|
| KENNETH J. GOOD and JENNIFER JILL GOOD, husband and wife, | ) ) ) | 2012 Unpublished Opinion No. 570 |
| Plaintiffs-Respondents, | ) ) | Filed: August 1, 2012 |
| v. | ) ) ) | Stephen W. Kenyon, Clerk |
| LARRY W. SICHELSTIEL and MELANIE K. SICHELSTIEL, husband and wife, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendants-Appellants. | ) ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment awarding damages, costs, and attorney fees, <u>affirmed</u>.

Larry D. Purviance, Dalton Gardens, for appellants.

Robert E. Covington, Hayden, for respondents.

_____

MELANSON, Judge

Larry W. Sichelstiel and Melanie K. Sichelstiel appeal from the district court's judgment awarding damages, costs, and attorney fees. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Kenneth J. Good and Jennifer Jill Good purchased property adjacent to the property where the Sichelstiels reside. The Goods' warranty deed contains a provision that allows them to enter onto their property via an access road that crosses the Sichelstiels' property. Larry Sichelstiel erected a gate across the access road and a dispute arose over the property boundaries. The Goods obtained a judgment against the Sichelstiels in September 2008, enjoining the Sichelstiels from harassing, blocking, restricting, hindering, obstructing, and threatening the Goods and their guests and invitees and successors from in any way using, maintaining, repairing, and improving the access road for ingress and egress purposes. The Sichelstiels were

1

enjoined from installing or maintaining any form of a gate or barrier to vehicular or pedestrian traffic on or across any portion of the access road. The Sichelstiels were enjoined from coming within one hundred feet of the Goods or any of their guests or invitees while on the access road. The Sichelstiels were permanently enjoined from trespassing upon the Goods' property. The Sichelstiels were ordered to remove any gates, hardware associated with gates, all motor vehicles, trailers, and any other personal property or other obstruction on the access road. A metes and bounds description of the Goods' property and the Sichelstiels' property and a drawing depicting the property boundaries were referenced in and attached to the judgment as exhibits.

After the Sichelstiels failed to comply with the judgment, the Goods obtained an order enforcing the judgment on June 23, 2009. In March 2010, the Goods filed a complaint against the Sichelstiels alleging that, on June 26, 2009, and repeatedly through July 1, Larry intentionally and willfully trespassed upon the Goods' property. The Goods alleged that Larry cut down and removed twenty-nine trees while engaged in this trespass. Pursuant to I.C. § 6-202, the Goods asserted that they were entitled to recover damages from the Sichelstiels that were treble the damages assessed by the district court as a consequence of Larry's intentional and willful trespass and the cutting down and removal of the trees. The Goods also asserted that they were entitled to recover costs and attorney fees. After a hearing in June 2011, the district court determined that Larry willfully and intentionally trespassed upon the property of the Goods and cut down trees in violation of I.C. § 6-202. The district court entered a judgment awarding damages, costs, and attorney fees. The Sichelstiels appeal.

## II.

## STANDARD OF REVIEW

When we consider an appeal from a district court sitting as the fact-finder, we do so through our abuse-of-discretion lens; that is, we examine whether the trial court: (1) rightly perceived the issues as ones of discretion; (2) acted within the boundaries of that discretion and appropriately applied the legal principles to the facts found; and (3) reached its decision through an exercise of reason. *Weitz v. Green*, 148 Idaho 851, 857, 230 P.3d 743, 749 (2010); *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). In conducting our review, we liberally construe the district court's findings in favor of the judgment. *Ervin Constr. Co. v. Van Orden*, 125 Idaho 695, 699, 874 P.2d 506, 510 (1993). We

will not disturb a district court's findings of fact unless they are clearly erroneous. *Weitz*, 148 Idaho at 857, 230 P.3d at 749. A district court's findings of fact are not clearly erroneous if they are supported by substantial and competent evidence. I.R.C.P. 52(a); *Sun Valley Shamrock Res., Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990); *Murgoitio v. Murgoitio*, 111 Idaho 573, 576, 726 P.2d 685, 688 (1986). Questions of credibility and the weight of the evidence are matters uniquely within the province of the district court. *Treasure Valley Plumbing and Heating, Inc. v. Earth Res. Co., Inc.*, 115 Idaho 373, 376, 766 P.2d 1254, 1257 (Ct. App. 1988). Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

The Sichelstiels argue that the district court's award of damages pursuant to I.C. § 6-202 was based on an erroneous interpretation of *Weitz*, 148 Idaho 851, 230 P.3d 743. Idaho Code § 6-202 provides:

> Any person who, without permission of the owner, or the owner's agent, enters upon the real property of another person which property is posted with "No Trespassing" signs or other notices of like meaning, spaced at intervals of not less than one (1) notice per six hundred sixty (660) feet along such real property; or who cuts down or carries off any wood or underwood, tree or timber, or girdles, or otherwise injures any tree or timber on the land of another person, or on the street or highway in front of any person's house, village, or city lot, or cultivated grounds; or on the commons or public grounds of or in any city or town, or on the street or highway in front thereof, without lawful authority, is liable to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor or fifty dollars ($50.00), plus a reasonable attorney's fee which shall be taxed as costs, in any civil action brought to enforce the terms of this act if the plaintiff prevails.

In *Weitz*, the Greens purchased property immediately to the south of property owned by the Weitzes. A dispute arose between the Greens and Weitzes concerning ownership of land located along the common border of the two properties. The Greens alleged that the Weitzes were trespassing upon the Greens' property. Thereafter, the Weitzes entered the contested land, cut down trees, and built a fence in place of an old fence that the Weitzes claimed marked the border of their property. Meanwhile, the Greens subdivided their property into four sections. The Greens sold two of the parcels and agreed to defend the title in the disputed property. The

3

Weitzes filed suit against the Greens seeking to quiet title in the disputed land and sought damages for trespass. The Greens filed a counterclaim, also seeking to quite title and alleging that the Weitzes owed damages for timber trespass related to the Weitzes entering the property to build the fence. The district court awarded damages to the Greens for Weitzes' trespass. The Weitzes appealed, arguing that the district court erred in awarding damages.

The Idaho Supreme Court determined that the district court correctly found that the Weitzes committed timber trespass, but erred in holding that the treble damages provision of I.C. § 6-202 did not apply and calculated damages on an incorrect basis. *Weitz*, 148 Idaho at 863, 230 P.3d at 755. Specifically, the Court determined that the Weitzes did not commit an innocent mistake by entering the property, cutting down vegetation, and erecting a fence because the Weitzes had notice from the Greens that the property was in dispute. Thus, the Court held that the Weitzes acted willfully and intentionally and, therefore, the treble damages provision of I.C. § 6-202 applied to the trespass.[1] The Court noted that it strongly disfavored resorts to self-help in resolving property disputes. *Weitz*, 148 Idaho at 864, 230 P.3d at 756.

The Court also addressed the Greens' claim that proper replacement damages totaled $60,000 and not $1500 as awarded by the district court. The Court noted that the basis of the Greens' claim was that the trees on their property were not held as timber trees, but for aesthetic value and reasonable compensation had to permit restoration of the property to its previous state. The Court explained that, generally, an award for timber trespass consists of the market value of the harvested trees as sold for lumber. However, the Court further explained that, where the trees are held on the property not for the purpose of harvesting them as timber, but for their aesthetic value, the injured party may elect to either recover the value of the trees or for the injury to the land. *Id.* at 864-65, 230 P.3d at 756-57. The Court determined that, for damages arising out of trespass to property involving destruction of trees, an injured party may recover diminution damages--the loss of value of the real property or the value of the trees at the time and place of their being felled plus incidental damages. *Id.* at 865, 230 P.3d at 757. The Court further determined that restoration damages may properly be awarded in cases where the value of

---

[1]	Idaho Code Section 6-202 does not contain an explicit requirement that the trespasser have acted in a willful and intentional manner. However, this requirement was read into the statute in *Menasha Woodenware Co. v. Spokane Int'l Ry. Co.*, 19 Idaho 586, 593, 115 P. 22, 24 (1911). *Weitz*, 148 Idaho at 863-64, 230 P.3d at 755-56.

the trees as timber or the diminution in market value of the land would provide insufficient compensation. *Id.*

The public policy behind factoring in the cost of replacement or restoration in calculating damages associated with injury to land has been explained as follows:

> An owner of real estate has a right to enjoy it according to his own taste and wishes, and the arrangement of buildings, shade trees, fruit trees, and the like may be very important to him . . . and the modification thereof may be an injury to his convenience and comfort in the use of his premises which fairly ought to be substantially compensated, and yet the arrangement so selected by him . . . might not meet the taste of others, and the disturbance of that arrangement, therefore, might not impair the general market value. . . . [W]hile the owner may be deprived of something valuable to him, . . . he might be wholly unable to prove any . . . depreciation of the market value of the land. The owner of property has a right to hold it for his own use . . . and . . . he should be compensated for an injury wrongfully done him in that respect, although that injury might be unappreciable to one holding the same premises for purposes of sale.

*Gilman v. Brown*, 91 NW 227, 229 (Wis. 1902). *See also Threlfall v. Town of Muscoda*, 527 N.W.2d 367, 372 (Wis. Ct. App. 1994). The *Weitz* Court utilized the *Gilman* and *Threlfall* reasoning. *See Weitz*, 148 Idaho at 865, 230 P.3d at 757.

The Court then clarified that, as the goal of the law of compensatory damages is reimbursement of the injured party for the actual loss suffered, the rule precluding recovery of restoration costs in excess of the diminution in value is not of invariable application. *Id.* at 865-66, 230 P.3d at 757-58. The Court explained that, in *Bd. of Cnty. Comm'rs of Weld Cnty. v. Slovek*, 723 P.2d 1309, 1315 (Colo. 1986), the Colorado Supreme Court warned that the trial court must undertake careful evaluation when allowing an injured party to recover costs of restoration that are greater than the diminution in market value because of the possibility that the injured party will receive a monetary windfall. *Weitz*, 148 Idaho at 866, 230 P.3d at 758. The Court also discussed the holding of the California Court of Appeals in *Orndorff v. Christiana Cmty. Builders*, 266 Cal. Rptr. 193, 195 (Cal. Ct. App. 1990) that restoration costs may be awarded, even where they exceed the diminution of market value, if there is a reason personal to the owner for restoring the original condition or where there is a reason to believe that the injured party will make the repairs. *Weitz*, 148 Idaho at 866, 230 P.3d at 758. The Court explained that many jurisdictions have allowed for restoration or replacement costs and placed great protection on a property owner's right to enjoy the aesthetic value of trees and shrubbery,

even though the trees may have little commercial value or their destruction may enhance the market value of the property. *Id.* at 867, 230 P.3d at 759. The Court determined that the record demonstrated that the Weitzes were on constructive notice that the Greens intended to maintain the forest in substantially the same state because restrictive covenants filed pursuant to the Greens' sale of parcels of their property stated that retention of the existing forest was a primary objective. *Id.*

The Court concluded that individuals may value land for specific and personal reasons, and in such instances, justice requires that an award of damages restore such property owners to the position they enjoyed prior to a tortfeasor's interference. *Id.* The Court elucidated that, in instances where property owners have been deprived of a key interest in their property, but such injury does not diminish the property's market value, reasonableness and practicality provide more appropriate limits upon an award for restoration. *Id.* Thus, because the trial court based its award upon the market value of the destroyed trees as merchantable timber, and evidence demonstrated that the trees were not cultivated for such use, the Court vacated the trial court's determination of damages and remanded with instructions for the district court to calculate damages and award reasonable attorney fees in accordance with I.C. § 6-202. *Weitz*, 148 Idaho at 867, 230 P.3d at 759.

Here, the district court entered findings of fact and conclusions of law in support of the judgment awarding damages, costs, and attorney fees to the Goods. Specifically, the district court found that, between June 25 and June 30, 2009, Larry went upon the Goods' property on multiple occasions without permission and, without lawful authority, cut down and removed twenty-nine trees, brush, and other vegetation from the Goods' property. The district court found that Larry did not commit an innocent or negligent mistake when he entered the Goods' property and cut down the trees primarily because Larry had been involved in prior litigation with the Goods and, pursuant to the judgment entered against the Sichelstiels in September 2008, had knowledge of the property boundaries. The district court found that Larry took matters into his own hands by cutting the trees on the Goods' property and acted intentionally, willfully, and wrongly in violation of I.C. § 6-202. The district court also found that Larry's action in cutting down the trees was a reaction to having recently received news not to his liking--the June 23, 2009, order enforcing judgment--and constituted forceful self-help in the dispute between the

6

Goods and Sichelstiels that the Idaho Supreme Court specifically admonished against in *Weitz*. *See Weitz,* 148 Idaho at 864, 230 P.3d at 756.

The district court additionally found that the Goods maintained the trees and vegetation on their property for personal and aesthetic values because the trees and vegetation enhanced the Goods' privacy in their home and provided a visual and auditory barrier between themselves and the Sichelstiels. The district court found that the trees and vegetation maintained on the Goods' property did not have substantial timber value and the destruction of such trees and vegetation did not materially diminish the fair market value of the property. Thus, the district court concluded that, pursuant to *Weitz*, the appropriate measure of damages was the reasonable cost of restoring to the Goods' property the trees and vegetation cut down and removed by Larry. *See Weitz*, 148 Idaho at 867, 230 P.3d at 759. The district court found that such reasonable cost was $16,589.94 and, because the trespass was willful and intentional, determined that treble damages were warranted. As the prevailing party and pursuant to I.C. § 6-202, the district court also determined that the Goods were entitled to recover costs and attorney fees. Thus, the district court entered a judgment in favor of the Goods against the Sichelstiels in the amount of $71,713.82.

We first note that the failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). However, this rule may be relaxed where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Wash. Cnty. Rd. and Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). While the Sichelstiels' brief contains no statement of issues as required by I.A.R. 35(a)(4) and they do not appear to challenge the district court's findings of fact, the Sichelstiels do argue that the district court's award of damages pursuant to I.C. § 6-202 was based on an erroneous interpretation of *Weitz*. Thus, we will consider this argument on appeal.

The Sichelstiels first argue that the district court incorrectly applied *Weitz* in this case because there was no ongoing litigation over the issue of the property line between the Sichelstiels and the Goods. However, the Sichelstiels' assertion is belied by the record. As described above, after a hearing regarding the Goods' March 2010 complaint, the district court found that Larry's action in cutting down the trees between June 25 and June 30, 2009, was a reaction to having recently received news not to his liking--the June 23 order enforcing the

7

September 2008 judgment. Additionally, at the June 2011 hearing, Larry testified that he disagreed with the drawing attached to the September 2008 judgment that identified the property boundaries and maintained that the trees he cut down in June 2009 were cut from his property, not the property of the Goods. Accordingly, the record establishes that, at the time Larry trespassed upon the Goods property and cut down trees, the Sichelstiels were involved in ongoing litigation over the issue of the property line.

The Sichelstiels also argue that the district court incorrectly applied *Weitz* because Larry did not resort to forceful self-help in resolving the property dispute. Specifically, the Sichelstiels note that Larry did not damage fences or gates. While there is no evidence that Larry damaged fences or gates, the Court's opinion in *Weitz* does not limit actions that may constitute forceful self-help to the damaging of fences or gates. Indeed, the Court specifically noted that forceful self-help includes "making a bold physical attempt to gain, or regain, possession or control of a real property interest, by demolishing or erecting gates or fences, bulldozing land, etc." *Weitz,* 148 Idaho at 864, 230 P.3d at 756. We conclude that, by entering the Goods' property without permission after being informed of the property boundaries by the September 2008 judgment and cutting down trees on the Goods' property in response to the June 23, 2009, order enforcing judgment, Larry engaged in the type of forceful self-help in resolving property disputes against which the Court specifically admonished in *Weitz*.

The Sichelstiels additionally argue that the district court incorrectly applied *Weitz* in this case because there was no loss in value to the Goods' property as a result of the trees being cut down and removed. It is undisputed that the trees and vegetation maintained on the Goods' property did not have substantial timber value and that the destruction of such trees and vegetation did not materially diminish the fair market value of the property. However, as described above, the Court in *Weitz* determined that restoration damages may properly be awarded in cases where the value of the trees as timber or the diminution in market value of the land would provide insufficient compensation. *See id.*, 148 Idaho at 867, 230 P.3d at 759. Specifically, the Court determined that individuals may value land for specific and personal reasons and, in such instances, justice requires that an award for damages restore these property owners to the position they enjoyed prior to a tortfeasor's interference. *Id.* The Court concluded that, in instances where property owners have been deprived of a key interest in their property but such injury does not diminish the property's market value, reasonableness and practicality

8

provide more appropriate limits upon an award for restoration. *Id.* Accordingly, because the district court here found that the Goods maintained the trees and vegetation on their property for personal and aesthetic values, the district court correctly concluded that, pursuant to *Weitz*, the appropriate measure of damages was the reasonable cost of restoring to the Goods' property the trees and vegetation cut down and removed by Larry.

The Sichelstiels further argue that the district court incorrectly applied *Weitz* in this case because the trees were not the types of trees specifically enumerated in *Weitz* as eligible for the cost of restoration--ornamental or shade trees. However, the Court in *Weitz* did not limit the types of trees that were eligible for cost of restoration to ornamental or shade trees. Rather, as described above, the Court explained that an owner of real estate has a right to enjoy it according to his or her own taste and wishes; that restoration costs may be awarded, even where they exceed the diminution of market value, if there is a reason personal to the owner for restoring the original condition; and that great protection has been placed on a property owner's right to enjoy the aesthetic value of trees and shrubbery, even though the trees may have little commercial value or their destruction may even enhance the market value of the property. *See Weitz*, 148 Idaho at 865-67, 230 P.3d at 757-59.

The Sichelstiels also argue that the district court erred by awarding damages because, by doing so, the district court granted an inappropriate financial windfall to the Goods. Specifically, the Sichelstiels assert that the award of damages was grossly in excess of the loss in market value and the record does not substantiate that the Goods were actually going to spend the money to restore the trees in the condition they were in at the time they were cut. As described above, the Court in *Weitz* acknowledged that the trial court must undertake careful evaluation when allowing an injured party to recover costs of restoration that are greater than the diminution in market value because of the possibility that the injured party will receive a monetary windfall. *Weitz*, 148 Idaho at 866, 230 P.3d at 758. The Court also noted that, in *Orndorff*, the California Court of Appeals held that restoration costs may be awarded, even where they exceed the diminution of market value, if there is a reason personal to the owner for restoring the original condition or where there is a reason to believe that the injured party will make the repairs. *Weitz*, 148 Idaho at 866, 230 P.3d at 758. Here, the record does not suggest that the district court did not undertake a careful evaluation when allowing the Goods to recover costs of restoration greater than the diminution in market value. Further, because the district court determined that

9

the Goods had personal reasons to restore the trees to their property, *Weitz* does not hold that the Goods must actually restore the trees.

The Sichelstiels finally argue that the district court incorrectly applied *Weitz* to this case because no covenants were in place to warn the Sichelstiels that the Goods' primary objective with their property was to maintain the trees Larry cut down and removed. Indeed, the Court in *Weitz* determined that the record demonstrated that the Weitzes were on constructive notice that the Greens intended to maintain the forest in substantially the same state because restrictive covenants filed pursuant to the Greens' sale of parcels of their property upon subdividing stated that retention of the existing forest was a primary objective. However, *Weitz* does not require that property owners must file documentation placing the public on constructive notice of the primary objective of their property in order to recover for trespass and destruction of timber pursuant to the legal analysis set forth in that case.

## IV.

## CONCLUSION

The district court's award of damages pursuant to I.C. § 6-202 was not based on an erroneous interpretation of *Weitz*. Accordingly, the district court's judgment awarding damages, costs, and attorney fees is affirmed. As the prevailing party and pursuant to I.C. § 6-202, costs and attorney fees on appeal are awarded to the Goods.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**

10